**Aubrey COOK, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–567CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 8, 1982.

Ken McLean, Houston, for appellant.

James C. Brough, Asst. Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

This appeal arises out of a conviction for aggravated sexual abuse wherein the punishment was assessed at twenty-five (25) years confinement in the Texas Department of Corrections. We affirm.

The sufficiency of the evidence is not challenged. The record reveals that on or about July 30, 1980, the complainant and her roommate went to a restaurant/club in Houston, Texas after work. There they met a Jake Finney with whom they talked for a short while. It was decided that the three would go to the San Antonio Rose, a country and western dance club located nearby. At the end of the evening when the three were leaving the club, Finney stopped to talk with appellant. The two shook hands and the complainant heard Finney invite appellant over to her apartment for coffee so that they could discuss a job opportunity for appellant opening at Finney's ranch. It was decided that the complainant's roommate would ride in the car with Finney and that the complainant would ride with appellant.

The complainant and appellant arrived at the apartment first. She testified that she told appellant to wait for Finney in the living room. When the complainant turned to go into her bathroom, appellant shoved her against the bathroom wall and told her to "get undressed and turn out the light." When she refused and began to fight back, appellant slapped the complainant across the face and threw her into her bedroom. He yelled obscenities to the complainant about having sexual intercourse with her, ripped off her clothes and threatened to kill her if she screamed or said another word. Maintaining a tight grip on her hair, appellant then forced the complainant to commit sodomy on appellant. When the complain-

ant's roommate arrived, she opened the door to the complainant's bedroom and saw appellant and the complainant nude on the bed. This event startled appellant long enough to allow the complainant to tear away. She grabbed a robe draped across a chair and ran across the hall to a neighbor's apartment.

Appellant brings forward six grounds of error. In his first ground of error, appellant asserts the trial court erred in allowing the prosecutor to read into evidence, during the punishment phase of the trial, a probation order and deferment of adjudication of guilty on a prior offense. Appellant had previously filed a motion in limine to exclude this order. However, when the State offered the evidence, appellant's counsel responded, "I have no objection, your Honor." It is well settled that a motion in limine will not preserve error. An objection must be made when the evidence is offered during the trial. *Harrington v. State,* 547 S.W.2d 616 (Tex.Cr.App. 1977).

Appellant asserts, however, that the holding of *Baehr v. State,* 615 S.W.2d 713, 716 (Tex.Cr.App.1981) renders the error fundamental requiring no objection at trial. In *Baehr,* the Court of Criminal Appeals held as follows: "We ... now hold that neither the deferred adjudication order nor the motion or amended motion to revoke probation is a 'prior criminal record' within the meaning of Article 37.07, § 3(a) [Tex.Code Crim. Pro.Ann.], and admitting them in evidence *over valid objection* was reversible error." (emphasis ours)

Admitting such an order into evidence is thus analogous to offering proof of an extraneous offense. Both are inadmissible because there has been no final conviction. Nevertheless, a proper objection is still required in order to preserve the appellate record when the State introduces evidence of an extraneous offense. In *Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App.1974), counsel's objection at trial when the State questioned the appellant concerning two unrelated offenses was that the evidence was "irrelevant," "immaterial," "incompe-

tent," "improper," and "prejudicial." The court held that such a general objection preserved no error for review. In the instant case, defense counsel affirmatively waived objection when the contents of the order were offered into evidence. He also failed to object when the state read the order into evidence. Nothing is presented for review. *Holcomb v. State,* 523 S.W.2d 661 (Tex.Cr.App.1975). We overrule appellant's ground of error 1.

In his grounds of error 2 and 3, appellant asserts that the prosecutor committed reversible error by directly commenting on appellant's failure to testify. In the first instance, the prosecutor argued as follows:

You have been charged by Judge Duggan with the law in this case, the same elements of law that I discussed with you on voir dire. The elements that deviate sexual intercourse was forced upon ... [the complainant] by the defendant on the date in Harris County, Texas. There is no real issue concerning the elements, themselves. It comes down to a point on whom you believe. It really comes down to a point if you believe ... [the complainant's] testimony, because she is the only actual fact witness to the attack, itself.

For a prosecutor's comment to constitute reversible error, the language must be either manifestly intended or be of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. The comment must impliedly refer to the appellant and also call for a denial of an assertion of fact or contradictory evidence that only the defendant is in a position to offer. *Nickens v. State,* 604 S.W.2d 101 (Tex.Cr.App.1980); *Nowlin v. State,* 507 S.W.2d 534 (Tex.Cr. App.1974).

The case before us is similar to *Nickens, supra,* wherein appeal was taken from a conviction for the rape of a child. There the appellant had argued that the State was relying for conviction upon the testimony of one witness who was not believable. The prosecutor then argued: "Now, ladies

and gentlemen, there are only two real witnesses to this case. The little girl came in here and told you what happened. There is no other witness to it. Either you believe her—" At that point, the defense counsel objected and the trial court stated that the jury had been instructed in the Court's charge to not consider the defendant's failure to testify for any purpose. Thus, the objection was overruled.

The Court of Criminal Appeals in *Nickens* held that the comment, taken in the context of the State's response to the appellant's argument and interrupted in mid-sentence and never finished was not manifestly intended or of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify.

■ In the instant case, the prosecutor did not say, "There are only two real witnesses to this case." The prosecutor simply stated that the complainant was the only fact witness to the attack. He was not implying that only two witnesses could have testified since the possibility existed that someone else could have witnessed the attack. The prosecutor was only pointing out that the jury thus had only her testimony to consider in determining whether to convict appellant. This statement, therefore, does not constitute a direct comment on appellant's failure to testify. Neither is the statement an indirect comment as it does not call for a denial by appellant of an assertion of fact. We overrule appellant's ground of error 2.

In the second instance of alleged improper argument, the prosecutor stated:

During voir dire I told you at that time that I would find out what the defense is the same time you find out, and A., I told you first of all there are several defenses we usually hear. A., would be mistaken identity. They couldn't do that because everybody identified him. B., using the alibi. Someone else, because, "I was somewhere else. I've got my alibi, because I was playing poker with the guys." It wasn't that. Again, because all of the evidence involved. C., consent. There

was no affirmative consent shown as to what happened during the attack. Only innuendoes and supposition about what may have happened.

In his brief, appellant does not specify which part of this argument he finds objectionable. He simply sets out the quote and states that for this ground of error, he relies upon his argument under ground of error 2.

■ We find no problem with the prosecutor's statement that appellant could have asserted an alibi since, in the usual case, another individual and not the defendant testifies to an alibi. Regarding his argument that "no affirmative consent [was] shown," we find that this was not an indirect comment on his failure to testify, since other persons, and not exclusively appellant, could have testified to some affirmative consent. Appellant's ground of error 3 is overruled.

Appellant asserts in ground of error 4 that appellant was denied effective assistance of counsel because his attorney failed to object to the improper bolstering of the complainant's credibility. He contends that his counsel should have objected when the prosecutor elicited from the complainant that she belonged to Memorial Drive Lutheran Church.

■ In *Ex Parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980), the Court of Criminal Appeals determined that the effectiveness of retained and appointed counsel should be judged by the same standard, that of "reasonably effective assistance." Of necessity, each case must turn on its own particular facts and circumstances. The adequacy of an attorney's services must be gauged by the totality of the representation. The allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *Johnson v. State*, 614 S.W.2d 148 (Tex.Cr.App.1981). Isolated failures to object to certain procedural mistakes or improper evidence do not constitute a breach of legal duty by an accused's attorney. *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr.App.1977).

In the instant case, appellant's only hope in gaining an acquittal was to impeach the complainant's credibility. To accomplish this, appellant's counsel secured the testimony of his brother-in-law and of Finney, who was a resident of California at the time of the trial. Both testified to facts which would place the complainant and appellant as dance partners at the San Antonio Rose prior to their departure for the complainant's apartment. In reviewing the record, we find that defense counsel's representation of appellant was both effective and proper. We overrule appellant's ground of error 4.

In ground of error 5, appellant asserts that he was denied effective assistance of counsel when his attorney failed to object to the following argument by the prosecutor:

> But she did come in, and ladies and gentlemen, I have been around a long time, and you will not hear any more credible, more believable person in your life, ever. She made a mistake. Yeah. She took this guy back, not to be alone with him, but because she trusted Jake Finney and this guy seemed like Jake's friend, and it seemed all right at the time. But that is not the victim.

Appellant contends that "[t]he prosecutor's remarks, among others, was [sic] unsworn testimony bolstering the complainant . . . ." He continues, "It was improper and counsel should have objected."

The record reveals that the prosecutor's remarks were followed by the following objection and ruling:

> [Defense Counsel]: Your Honor, I object at this time to the prosecutor's comments. I believe it is misconduct for him to express his personal belief and the guilt of the defendant if such belief is expressly based on the evidence that's—on the evidence and the jury is not led to believe the District Attorney is basing it on evidence that's not in the record.
>
> [The Court]: The jury will make the decision based on their decision concerning their evidence. Continue, please.

Because there was indeed an objection and a ruling thereon, appellant's ground of error 5 is without merit. For this reason and for the reasons advanced in our discussion under ground of error 4, we overrule appellant's ground of error 5.

Appellant asserts in ground of error 6 that the trial court erred in sustaining the prosecutor's objection to the following argument of defense counsel:

> Now, . . . [the Prosecutor] would have you discount and not believe as true the testimony of Mr. Finney, who really didn't want to be here in the first place because it is an embarrassing situation for him, for everyone. The police obviously did not do too much in the way of investigation to obtain any definitive [sic] statement from Mr. Finney. Why? Because what he had to say is exculpatory.

The following exchange ensued:

> [The Prosecutor]: Objection, Your Honor. That is clearly outside the record, and erroneous in the first place.
>
> [The Court]: Sustained. Confine ourselves to the record, please.

Appellant argues that because Finney's testimony was exculpatory, it was beneficial argument which was erroneously excluded necessarily implying that the trial court improperly commented of the weight of the evidence. We disagree. Finney's testimony was not exculpatory since he was not a fact witness to the sexual abuse and had no personal knowledge concerning appellant's guilt or innocence. If anything, Finney's testimony was offered solely to raise doubts as to the accuracy of the complainant's testimony. The jury is the sole judge of the witnesses' credibility and in the instant case, they chose to believe the complainant. Their verdict will not be disturbed.

Appellant's ground of error 6 is overruled and the conviction is affirmed.