Alvin DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 760–82.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 23, 1983.

Scott M. Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty. and Deborah E. Farris, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of the offense of unlawful delivery of a controlled substance and punishment was assessed at two years confinement in the Texas Department of Corrections. The Fifth Court of Appeals at Dallas reversed and remanded the conviction. The State in its petition for discretionary review argues that the Dallas Court of Appeals reversal, based upon the impro-

priety of the prosecutor's reference to the appellant's failure to testify, was in error.

The record reflects the following transpired during the State's closing argument in the guilt-innocence phase of the trial:

"[PROSECUTOR]: When you first came in here, they talked about presumption of innocence, and you're wondering what this man is charged with. He sat here the whole time, and he knows what he's charged with. He knows he's guilty.

"[DEFENSE ATTORNEY]: Objection, your Honor. My objection is twofold in this case: What the defendant knows is not in evidence; and, secondly, he has commented on the failure of the defendant to testify, indirectly.

"We request that the Court grant us a mistrial at this time.

"THE COURT: Well, I sustain your objection to the remark of counsel.

"I instruct the jury to disregard the last remark. Entirely erase it from your mind as if it were not made. Do not consider it at all in your deliberations on this case.

"Your motion for mistrial is denied.

"[DEFENSE ATTORNEY]: Note our exception.

"[PROSECUTOR]: I will submit to you that it's a reasonable deduction from the evidence that this person knows that he is guilty of this offense, based—

"[DEFENSE ATTORNEY]: Objection, your Honor.

"THE COURT: *I sustain the objection again.* (Addressing the prosecutor) *If you say that one more time, you and I are going to have words.* [Emphasis added.]

"[PROSECUTOR]: I apologize to the Court.

"THE COURT: *The jury will disregard anything that Mr. Prosecutor thinks the defendant knows. That's not evidence in the case; it's improper; and I instruct you to disregard it.*

"(Addressing the prosecutor): *I instruct you not to go into it again.* [Emphasis added.]

"[DEFENSE ATTORNEY]: Move for mistrial at this time.

"THE COURT: Denied."

In this State, the Constitutional mandate of the Fifth and Fourteenth Amendments has been statutorily embodied in Article 38.08, V.A.C.C.P.:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

For an indirect reference to or comment on a defendant's failure to testify to be reversible error, the prosecutor's implication must be a necessary one as viewed by the jury. *Milton v. State,* 620 S.W.2d 115 (Tex.Cr.App.1980) (Opinion on Rehearing). In reviewing the language used we must do so from the viewpoint of the jury. *Annis v. State,* 578 S.W.2d 406 (Tex.Cr.App. 1979). If the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify, the argument would be error. *Annis v. State,* supra and *Bird v. State,* 527 S.W.2d 891 (Tex.Cr.App.1975).

Generally, an error in asking an improper question or in admitting improper testimony may be cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *White v. State,* 444 S.W.2d 921 (Tex.Cr.App.1969) (Rehearing denied).

■ In the instant situation the State's argument was improper.[1] However, examination of the trial record fails to demonstrate that the remark was so prejudicial that it could not be cured by an admonishment to disregard. Further, we note the form and severity of the admonishment was unique in that it emphasized to the jury the absolute impropriety of the statement. By warning the prosecutor, "If you say that one more time, you and I are going to have words," the trial judge quite properly went beyond the usual boiler plate instruction to disregard the argument of the prosecutor. Clearly, this language when viewed from the jury's perspective dramatized the importance of disregarding the statement. Any error was thus rendered harmless.

The judgment of the Court of Appeals is reversed and this cause is remanded to the Court of Appeals for consideration of appellant's other grounds of error.

CLINTON and TEAGUE, JJ. dissent.

ONION, P.J., not participating.

---

1. We again emphasize the four areas of proper jury argument enunciated by Judge Odom in *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr. App.1973): (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; (4) plea for law enforcement.