**Aubrey COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 722–82.**

Court of Criminal Appeals of Texas, En Banc.

June 20, 1984.

Rehearing Denied Nov. 20, 1985.

---

Ken McLean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

We granted appellant's petition for discretionary review to consider whether the prosecutor commented on the appellant's failure to testify during his argument at the guilt-innocence phase of the trial. The record shows that the prosecutor made the following argument:

> "MR. McSPADDEN: During voir dire I told you at that time that I would find out what the defense is the same time you find out, and A., I told you first of all there are several defenses we usually heard. A., would be mistaken identity. They couldn't do that because everybody identified him. B., using the alibi. Someone else, because, '*I* was somewhere else. *I've* got my alibi, because *I* was playing poker with the guys.' It wasn't that. Again, because all of the evidence involved. C., consent. There was no affirmative consent shown as to what happened during the attack. Only innuendoes and suppositions about what may have happened." (Emphasis added)

The Court of Appeals, 650 S.W.2d 436, found that there was no error in the argument because normally witnesses other than the defendant usually testify to these defenses. The reasoning of the Court of Appeals directly conflicts with the holding of this Court in *Cherry v. State*, 507 S.W.2d 549 (Tex.Cr.App.1974). In *Cherry*, the prosecutor argued as follows:

> "Now what defenses are available to a person in a case like this? Number one,

alibi, *I* was somewhere else, *I* was with someone else." (Emphasis added). *Cherry v. State*, 507 S.W.2d at 550.

This Court found in *Cherry v. State*, supra, that the prosecutor's use of the word "I" contradicted any theory that he was referring to witnesses other than the defendant.

■ In order to constitute a violation of Article 38.08, V.A.C.C.P., the language must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Banks v. State*, 643 S.W.2d 129 (Tex.Cr. App.1982); *Angel v. State*, 627 S.W.2d 424 (Tex.Cr.App.1982); *Johnson v. State*, 611 S.W.2d 649 (Tex.Cr.App.1981); *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977). The challenged comment must be viewed from the standpoint of the jury and the language must be more than an implied or indirect allusion to the defendant's silence. *Angel v. State*, supra; *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975); *Anderson v. State*, 525 S.W.2d 20 (Tex.Cr.App.1975).

■ This latter precept is most important in the case at bar. The Court of Appeals disposed of this ground of error by noting that it is usual for someone other than the defendant to urge these defenses. Unfortunately, we believe that the average jury is not aware of what is usually done in criminal cases. Thus, we must examine the prosecutor's argument strictly from the standpoint of a lay person serving on a jury. When the word "I" is used in reference to something the defendant might have testified to, but did not, it is illogical to think that the jury is not reminded of the defendant's failure to testify. This is a classic example of what Article 38.08 was trying to prevent. We follow the reasoning in *Cherry v. State*, supra, and find that the prosecutor's argument was an impermissible comment on the defendant's failure to testify.

The judgments of the Court of Appeals and the trial court are reversed and the case is remanded for a new trial.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

We granted the State's motion for rehearing to consider our original finding that the complained of prosecutorial argument was error and if so whether it was harmless.

The State contends that *Cherry v. State*, 507 S.W.2d 549 (Tex.Cr.App.1974), followed in the original opinion, is distinguishable because the prosecutor's argument in the instant case was directed at appellant's failure to testify as to alibi. The State contends that this was not improper argument because alibi was not an issue in the case. But neither was it an issue in *Cherry*, a case in which the defendant had put on no witnesses. The comment was nonetheless a comment on appellant's failure to testify, and improper.

Nor was the comment, as the State would have it, confined to a hypothetical alibi defense. The prosecutor continued: "c., consent. There was no affirmative consent shown as to what happened during the attack. Only innuendoes and suppositions about what may have happened." This argument echoed an earlier argument made by the prosecutor:

> "It really comes down to a point if you believe [the complaining witness's] testimony, because she is the only actual fact witness to the attack, itself."

Appellant objected to both these arguments as impermissible comments on his failure to testify. Both objections were overruled.[1]

While alibi was not an issue in the case, consent surely was. A recitation of facts is in order at this point.

---

1. Our original opinion disposed of the case on the basis of the "alibi" comment and so found it unnecessary to address the propriety of the earlier prosecutorial remark. Both comments,

however, were properly preserved, presented to the court of appeals, and addressed by that court's opinion. For purposes of the harm analysis, we consider both comments.

On Wednesday afternoon after work the complainant went with her roommate, Ms. Pace, to Friday's, a restaurant/bar in Houston. The two women were to meet two other people there and go to a Bible meeting. The plans went awry, necessitating several trips to the phone to locate their companions. The trip to the Bible meeting was finally abandoned. By that time the complainant and Pace had struck up a conversation with a man sitting near the telephone at the bar, Jake Finney. Finney introduced himself as an unmarried rancher from San Antonio. (He later turned out to be a married nonrancher from California.) After an hour or two of conversation Pace and Finney decided to go dancing at another club, the San Antonio Rose. They cajoled the complainant into accompanying them, and all three went in Finney's car to the San Antonio Rose.

This is where the evidence becomes disputed. The complainant, Pace, and Finney stayed at the bar until closing time, about 1:45 a.m. The complainant testified that when the club closed she followed Pace and Finney into the parking lot, where she met appellant for the first time when appellant approached Finney to ask about a job on his ranch. Two witnesses for appellant, including Finney, testified to the contrary, that they had seen complainant dancing and talking with appellant inside the club an hour or two before closing time.

According to complainant's testimony Finney invited appellant to the women's apartment to discuss the possible job. Finney testified that he did not invite appellant to the apartment, and assumed the complainant had done so herself. All parties agree that the complainant rode with appellant in his car to her apartment, arriving several minutes ahead of Finney and the roommate Pace. It was in that interval that the alleged sexual attack occurred. When Pace and Finney arrived at the apartment Pace walked into the complainant's bedroom to find the complainant and appellant naked on the bed. A minute later the complainant ran out, crying that appellant had hit her and hurt her.

Clearly, then, the only issue at trial was consent or lack thereof. Appellant's own witness testified that appellant was in the apartment. But the evidence showed that only the complainant and appellant were in the bedroom at the time the attack allegedly took place.

The prosecutor's remark referred to lack of evidence concerning the attack itself or any "affirmative consent . . . during the attack." That evidence could only have come from appellant himself. Only he and the complainant were witnesses to whether there was an attack and whether there was consent. The complainant had testified, appellant had not.

■ A prosecutor's remark constitutes an impermissible comment on a defendant's failure to testify if the remark alludes to missing evidence that could only be supplied by that defendant. *Angel v. State*, 627 S.W.2d 424 (Tex.Cr.App.1982). "If the remark complained of called the jury's attention to the absence of evidence that only the testimony from the appellant could supply, the conviction must be reversed." *Johnson v. State*, 611 S.W.2d 649 (Tex.Cr. App.1981). Under this test the following have been held to be improper comments: "No one contradicts her," referring to a complainant's testimony concerning a rape at which only the complainant, the defendant, and the complainant's two year old child were present. *Pollard v. State*, 552 S.W.2d 475 (Tex.Cr.App.1977); ". . . not one word in any way did this defendant or these attorneys challenge the credibility of [the complainant]." *Dubose v. State*, 531 S.W.2d 330 (Tex.Cr.App.1976).

Furthermore, as our original opinion properly pointed out, the prosecutor's use of "I" was inescapably a reference to appellant and his failure to testify. We hold that this was impermissible argument, and the overruling of appellant's objection was trial error.

■ It remains to be determined whether the error was harmless. We begin with the fact that such error violates not only Article 38.08, V.A.C.C.P., but also the pro-

tections against selfincrimination of both the Texas and Federal constitutions. *Bird v. State,* 527 S.W.2d 891 (Tex.Cr.App.1975). Nevertheless, such an error may be held harmless. The test, taken from *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), is that it must be determined beyond a reasonable doubt that the error did not contribute to the verdict. *Bird,* supra, at 895.

In *Cannon v. State,* 668 S.W.2d 401, 404 (Tex.Cr.App.1984), an improper prosecutorial argument was held to be harmless "when viewing the totality of the facts and the arguments of the parties." The State directs our attention to the dissent in that case, for the proposition that "a patently egregious argument might be rendered harmless by other attributes of the case such as overwhelming evidence or the failure of the argument to touch a material issue." (Clinton, J., dissenting, at 407.) As we have already found, comment on the defendant's failure to testify touched the *only* material issue in this case.[2]

The issue of harm must be determined from the facts of each individual case, and resolved according to "the probable effect [the argument] has on the minds of jurors." *Mayberry v. State,* 532 S.W.2d 80 (Tex.Cr.App.1975). In *Mayberry* the argument was held to be harmless because the evidence of the defendant's guilt was overwhelming. The finding of harmlessness in *Garrett v. State,* 632 S.W.2d 350, 354 (Tex. Cr.App.1982) was also based on the fact that the evidence of the defendant's guilt was "overwhelming, if not beyond all doubt."

■ In the instant case the evidence on the issue of consent was far from overwhelming. The State's evidence attempted to show that the complainant had had no contact with appellant until his company was forced on her in the parking lot at closing time because another guest had invited appellant to the complainant's apartment. Two defense witnesses testified to the contrary that complainant had danced and talked with appellant inside the club. The police report, taken from complainant and other witnesses, supported the defensive theory by saying that appellant and the complainant had met about 11:45 p.m., *not* at 2:00 a.m. in the parking lot. Finney testified he did not invite appellant to the apartment; he assumed the complainant had done so. Pace testified that on their way to the apartment Finney told her he did not want to talk to appellant, casting further doubt on the complainant's contention that it had been Finney who had invited appellant to the apartment. Testimony also showed that Pace, complainant's roommate and a State's witness, lied to the police about the circumstances of her presence at the San Antonio Rose that night.

Both the evidence the defense presented and the testimony it chose to contest show the defense was trying to prove that the State had not negated the reasonable possibility of consent. In this context, the prosecutor's comment on appellant's failure to testify as to the facts of the alleged attack touched on the basic defensive issue of the trial. The comment cannot be said to have been harmless.

The arguments could perhaps have been rendered harmless by an instruction to the jury to disregard them. In *Davis v. State,* 645 S.W.2d 817, 819 (Tex.Cr.App.1983), the Court noted in finding such error harmless that the trial judge's instruction to disregard such remarks had been unusually strong: "... the admonishment was unique in that it emphasized to the jury the absolute impropriety of the statement," and thus "dramatized the importance of disregarding the statement." 645 S.W.2d at 819.

---

2. In *Cannon* the improper comment referred to facts not in evidence. It was not a comment on the defendant's failure to testify. We note that a comment on failure to testify will be less likely to be found harmless. Such a comment is a violation of a defendant's constitutional rights, where going outside the record is not. Further, a comment on failure to testify is more pervasive. Its effect is not likely to be confined to the particular material issue toward which it is directed. Pointing out that the defendant has not testified as to one issue will inevitably call the jury's attention to the fact that the defendant has not testified at all.

Here no such instruction was given. Appellant's objections were overruled, undoubtedly leaving with the jury the impression that they could properly consider the prosecutor's remarks. *Cherry*, supra.

On the basis of this record we find the prosecutorial remarks were both improper and harmful. Accordingly, the State's motion for rehearing is overruled.