**Eddie SOLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1183–86.**

Court of Criminal Appeals of Texas, En Banc.

June 27, 1990.

Dennis Sagebiel (Court-appointed), David A. Grauer, Charles Jordan, Seguin, for appellant.

W.C. Kirkendall, Dist. Atty., and Sean K. Proctor, Asst. Dist. Atty., Seguin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW AND APPELLANT'S CROSS–PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of burglary of a habitation. The jury assessed his punishment at twenty-five years imprisonment. On direct appeal appellant argued the trial court committed error by not instructing the jury that one of the State's witnesses was an accomplice as a matter of law. Appellant's trial· counsel

did not request that an accomplice witness instruction be given to the jury.

The Court of Appeals held that it was error to fail to give the accomplice witness instruction to the jury. They applied the rule set down in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984)[1] for evaluating unobjected to jury charge error, and concluded that appellant suffered egregious harm as a result of the absence of an accomplice witness instruction. *Solis v. State*, 718 S.W.2d 857 (Tex.App.—Texarkana, 1986).

This Court granted the State's petition for discretionary review on the ground that the Court of Appeals erred in its application of *Almanza* by misconstruing the level of scrutiny for assessing appellant's claim of error. Appellant filed a cross-petition for discretionary review alleging the Court of Appeals erred when it held that he had not received ineffective assistance of counsel at his trial. We granted the State's petition for discretionary review and appellant's cross-petition on these respective grounds for review. A recitation of the facts is necessary.

Between the 20th and 27th of December, 1984, the residence of David Baker in Kingsbury was burglarized. David Baker explained at trial that his home had been ransacked and that $15,000.00 in property had been stolen. Among the stolen items was a .22 calibre long-barrel pistol, the grips of which he had removed to enclose a written message inside that the gun belonged to him.

In early January of 1985, Baker received a phone call from Marvin Roberson. Roberson informed Baker that he had recently come into possession of a .22 calibre long-barrel pistol. Roberson said the grips on the weapon appeared to have been disturbed, and that when he removed the grips he found Baker's written message. Baker reimbursed Roberson the $50 which Roberson said he had paid for the weapon. They reported the recovery of the weapon to the police.

At trial, Roberson stated he obtained the gun from appellant around the 3rd of January, 1985. On cross-examination, he explained that he had actually won the gun from appellant as a result of a wager on a cock fight. Appellant offered him the gun instead of the $50 which had been wagered on the cock fight.

The State also called Jerry Luna to testify against appellant. At the time of the trial, Luna had already pled guilty to the burglary of the Baker residence. At trial, Luna stated that on the evening of December 26th, he drove the car for appellant and two other accomplices. Luna dropped them off outside the Baker residence and returned for them soon after that. When appellant and the two accomplices got back in the car, Luna said they had six guns with them, including Baker's .22 calibre long-barrel pistol.

Appellant did not request the jury be instructed that Jerry Luna was an accomplice as a matter of law, and that his testimony must be corroborated by independent evidence tending to link appellant to the commission of the burglary. The trial court did not give this instruction on its own initiative. This error forms the basis for the State's ground for review.

■ The Court of Appeals correctly decided it was error for the trial court not to give the instruction. When the evidence clearly shows a witness is an accomplice witness as a matter of law, the trial court must so instruct the jury. *Gamez v. State*, 737 S.W.2d 315, at 322 (Tex.Cr.App.1987). Since Luna was appellant's coindictee for the Baker burglary, and had already pled guilty to his involvement, Luna was an accomplice witness as a matter of law. *McCloud v. State*, 527 S.W.2d 885, at 886 (Tex.Cr.App.1975); and *Hendricks v. State*, 508 S.W.2d 633 (Tex.Cr.App.1974). The jury should have been instructed that Luna was an accomplice as a matter of law.

■ Because appellant failed to object to the omission of this instruction, he was required to prove that he suffered actual egregious harm. *Lawrence v. State*, 700

1. Hereinafter referred to as *Almanza.*

S.W.2d 208 (Tex.Cr.App.1985); *Almanza,* 686 S.W.2d 157 (Tex.Cr.App.1984). A defendant can only obtain a reversal if the error "created such harm that he has not received a fair and impartial trial—in short, egregious harm." *Almanza,* 686 S.W.2d, at 171–172; *Barber v. State,* 737 S.W.2d 824, at 836 (Tex.Cr.App.1987), cert. denied — U.S. ——, 109 S.Ct. 1559, 103 L.Ed.2d 861 (1989); and *Castillo–Fuentes v. State,* 707 S.W.2d 559 (Tex.Cr.App.1986).

■ The Court of Appeals erred in its conclusion that appellant suffered egregious harm from the omission of the accomplice witness instruction. The Court of Appeals placed undue emphasis on the alleged impeachment of the witness Roberson. *Solis v. State,* 718 S.W.2d 857 (Tex. App.—Texarkana, 1986). Roberson's testimony that appellant personally transferred possession of Baker's gun to him on January 3rd was not impeached. The only fact called into question was appellant's method of payment: actual transfer of money or settlement of a gaming wager. There was no doubt cast upon the testimony that appellant had possession of Baker's gun on January 3, 1985, and transferred it to Roberson.

In light of this testimony, that appellant had recent and unexplained possession of one of the weapons stolen in the burglary, it was error to conclude that omission of an accomplice witness instruction deprived appellant of a fair and impartial trial. In its application of *Almanza,* the Court of Appeals overlooked guiding precedent from this Court.

In *Thompson v. State,* 493 S.W.2d 913 (Tex.Cr.App.1971), this Court held that a "failure to instruct on the law of accomplice witnesses, especially where no charge was requested, is not reversible error where the evidence clearly warrants conviction independent of the accomplice's testimony." *Thompson,* 493 S.W.2d, at 916. *See also Hendricks v. State,* 508 S.W.2d 633 (Tex.Cr.App.1974).

The Court of Appeals also overlooked the long line of cases wherein this Court held that recent and unexplained "possession of all or any parts of the items taken in a burglary is sufficient to sustain a conviction for burglary." *Ward v. State,* 581 S.W.2d 164, at 168 (Tex.Cr.App.1979); *Gonzalez v. State,* 636 S.W.2d 14, at 15 (Tex.Cr. App.1982); *Williams v. State,* 621 S.W.2d 613, at 614 (Tex.Cr.App.1981); and *Thompson v. State,* 615 S.W.2d 760, at 761 (Tex. Cr.App.1981). We conclude that appellant's recent and unexplained possession of one of the weapons stolen in the burglary of the victim's home was sufficient, standing alone, to convict appellant of the instant offense. *Ward, supra; Gonzalez, supra; Williams, supra;* and *Thompson, supra.* As such, the omission of the accomplice witness instruction did not deprive appellant of a fair and impartial trial. *Almanza,* 686 S.W.2d 157 (Tex.Cr.App.1984); and *Thompson v. State,* 493 S.W.2d, at 916 (Tex.Cr.App.1971). We sustain the State's ground for review.

■ In his cross-petition appellant argues that he was denied reasonably effective assistance of counsel. Appellant relies on *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Butler v. State,* 716 S.W.2d 48 (Tex.Cr. App.1986) as authority for his argument.

In resolving this complaint below, the Court of Appeals viewed counsel's representation as a whole, to see if appellant received reasonably effective assistance. The Court of Appeals concluded that although appellant's defense "may not have been error free, he makes no showing that his attorney was not prepared to defend the case." *Solis,* 718 S.W.2d, at 861. The Court of Appeals overruled appellant's point of error because the record showed appellant's counsel had knowledge of the facts and was able to effectively cross-examine the witnesses. *Solis, supra.*

■ In Texas, the standard for effectiveness of counsel is "counsel reasonably likely to render and rendering reasonably effective assistance." *Butler,* 716 S.W.2d, at 54. Whether this standard has been met is to be judged by the totality of counsel's representation and not by isolated acts or omissions of trial counsel. *Butler v. State, supra.* Once a counsel's performance has

been deemed to be ineffective, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 104 S.Ct., at 2068; and *Butler, supra.*

Though the Court of Appeals viewed counsel's representation of appellant as a whole in their assessment of counsel's effectiveness, they did not apply the "but for" test set out in *Strickland* and adopted by this Court in *Butler.* We will review appellant's contentions of error by trial counsel in light of both prongs of the test for effectiveness in *Strickland* and *Butler.*

Appellant alleged five separate instances where trial counsel's ineffectiveness was evident. Initially, appellant points to two places in the record where the attorney for the State commented on appellant's failure to testify and his trial counsel failed to object.

The first instance occurred during voir dire when the State informed the jury that appellant has a right not to testify, that if he does not take the stand that fact cannot be held against him. We find this is nothing more than an explanation of the law, much the same as the jury was instructed in the trial court's charge to the jury. During voir dire both sides have the right to qualify jurors on each aspect of the law. There was nothing objectionable in the State's voir dire on appellant's right not to testify in the instant case.

■ The second alleged comment on appellant's failure to testify occurred during the State's final argument. The attorney for the State told the jury,

"This guy's defense is, I wasn't there, but if I was, you can't prove I went in the house. He knows he is not guilty; he is just not sure why".

Appellant relies on this Court's decision in *Cook v. State,* 702 S.W.2d 597 (Tex.Cr.App. 1985) to support his claim that this was an

objectionable comment on his failure to testify.

We disagree with appellant and find the Court of Appeals correctly held that *Cook, supra,* is distinguishable from the instant case. In *Cook,* the State's argument pointed to missing evidence, or a missing theory of defense, that could only have been provided by the non-testifying defendant. On rehearing in *Cook,*[2] this Court stated, "A prosecutor's remark constitutes an impermissible comment on a defendant's failure to testify if the remark alludes to missing evidence that could only be supplied by the defendant." *Cook,* 702 S.W.2d, at 600. The Court of Appeals correctly assessed the State's argument in the instant case as a "restatement or rephrasing" of actual testimony supplied by the accomplice Luna on cross-examination. *Solis,* 718 S.W.2d, at 860. It was not an improper comment, direct or indirect, on appellant's failure to testify. As such, it was not objectionable. We find in both of these instances that appellant's counsel's representation did not fall below an objective standard of reasonableness. *Wilkerson v. State,* 726 S.W.2d 542, at 551 (Tex.Cr.App.1986).

■ Second, appellant complains that his counsel was ineffective for not perfecting a bill of exception when the trial court barred his witness, Josephine Gaytan, from testifying. In his trial, appellant's counsel invoked Art. 36.03, V.A.C.C.P. (repealed 1986);[3] as a trial tactic, asking that the witnesses in the trial be placed under the rule. The trial court granted this request. For a reason unexplained in the record or his briefs, appellant did not include the witness Gaytan with the other witnesses at trial when he invoked the rule. Gaytan sat in the court throughout the evidence and, therefore, was not permitted to testify. Appellant's trial counsel did not offer a bill of exception to set out in the record what Gaytan's testimony would have been at trial.

■ This dispute is largely a matter of trial tactics selected by defense counsel.

---

**2.** Appellant's citations to *Cook* in his brief refer only to this Court's opinion on original submission.

**3.** See now Rule 613, Tex.R.Crim.Evid.

Appellant himself invoked the rule, and should not now be heard to complain that one of his own witnesses was excluded because of it. What is more, in his petition and briefs before this Court, and his briefs before the Court of Appeals, appellant gives no indication what benefit Gaytan's testimony would have for his defense. Appellant has made no effort to meet his burden to show how a bill of exception would have proven that this "error" by trial counsel contributed to his eventual verdict of guilt or punishment. Also, this Court will not use hindsight to second guess a tactical decision made by trial counsel which does not fall below the objective standard of reasonableness. *Butler*, 716 S.W.2d, at 54; and *Derrick v. State*, 773 S.W.2d 271, at 273 (Tex.Cr.App.1989) cert. denied — U.S. ——, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989). This allegation does not cast doubt on the effectiveness of appellant's trial counsel.

Thirdly, appellant alleges his counsel was ineffective because she did not withdraw from representing him when conflicts arose between them. Conflicts of personality and disagreements between counsel and client are not automatic grounds for withdrawal. The trial court is under no duty to search for a counsel until an attorney is found who is agreeable to the accused. *Stearnes v. Clinton*, 780 S.W.2d 216, at 221 (Tex.Cr.App.1989). *Malcom v. State*, 628 S.W.2d 790, at 791 (Tex.Cr.App.1982); *Lyles v. State*, 582 S.W.2d 138, at 141 (Tex.Cr.App.1979); and *Viges v. State*, 508 S.W.2d 76, at 77 (Tex.Cr.App.1974). Appointment of new counsel is a matter solely within the discretion of the trial court.

Also, there is little indication in the record that there was any serious disagreement between appellant and his counsel. Appellant points to the motion for continuance filed by his counsel, but the wording of that motion explicitly indicates appellant and counsel had worked out their disagreements. Appellant also points to his counsel's motion to withdraw from representation of appellant *on appeal*. This indicates nothing in regard to disagreements or conflicts at trial. Besides, the trial court granted the post-trial motion, and appellant received new counsel on appeal in this cause. Appellant failed to substantiate this claim that his counsel was ineffective for not withdrawing from representation.

Lastly, appellant argues his counsel was ineffective for not requesting an accomplice witness instruction regarding the State's witness Luna, and for not objecting to the State's attempt to bolster Luna's testimony at final argument. In our discussion of the State's ground for review, we excluded Luna's testimony from consideration and found that there was sufficient evidence in the record before us to sustain appellant's conviction for burglary of a habitation.

Viewing counsel's representation as a whole, and assessing the cumulative effect of all of the trial counsel's errors, we do not find that but for these errors the result of the trial would have been any different. *Washington v. State*, 771 S.W.2d 537, at 545–546 (Tex.Cr.App.1989); *Holland v. State*, 761 S.W.2d 307, at 320 (Tex.Cr.App. 1988), cert. denied — U.S. ——, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989); and *Bridge v. State*, 726 S.W.2d 558, at 571–573 (Tex.Cr. App.1986). Appellant's ground for review in his cross-petition is denied.

The judgment of the Court of Appeals is reversed. The judgment of the trial court is affirmed.

CLINTON and TEAGUE, JJ., concur in the result.

MILLER, J., joins the disposition of appellant's ground for review and concurs only in the disposition of the State's ground for review.