Medearis v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00119-CR







George Medearis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0946510, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING








 A jury convicted appellant George Medearis of aggravated robbery with a deadly
weapon and burglary of a habitation. Tex. Penal Code Ann. §§ 29.03, 30.02 (West 1994). (1) After
finding the enhancement paragraphs true, the jury assessed punishment at 60 years' imprisonment
and a fine of $5,000.00 for aggravated robbery with a deadly weapon and 60 years' imprisonment
and a fine of $2,000.00 for burglary of a habitation, with the sentences to run concurrently. In
a single point of error, appellant complains that in closing argument the prosecutor commented
on appellant's failure to testify. We will affirm the judgments of conviction.




FACTUAL AND PROCEDURAL BACKGROUND


 Appellant did not testify during the guilt/innocence phase of the trial. The defense
rested its case without presenting any evidence or witnesses. During the State's closing argument
at the guilt/innocence phase of the trial, the prosecutor made the following statement to the jury:

 Now, the defense, during the course of this trial, has not contested that
many of the elements. Because if you think about it, ladies and gentlemen, what
is there to contest? All the evidence points at the defendant.


 Now, also during voir dire it came out what about motive, is motive
important. Motive is not one of these elements, however the motive did come out. 
He was robbing a 56 year-old lady of what was it, $17 and a TV at night with a
knife against her throat. That's not, we are not required to prove that to you, it's
not an element, but you can see why he did it.


. . . .


 There is no doubt in this case this defendant committed the acts of armed
robbery and burglary of a habitation. And the defendant committed these acts, he
wants you to let him go. He is going to say no, I didn't do it. He wants you to
please let me go so I can go into you all's house, to other people's houses, hold
knives against other people's throats because I got a crack problem, tie them up
and beat them. He wants you to let him do that. Don't let him do that.

Appellant's trial counsel did not object to any impropriety in the State's argument and did not
request a limiting instruction.

 During the punishment phase of the trial, appellant took the witness stand and
admitted committing both charged offenses.




DISCUSSION


 Appellant argues that the State committed reversible error during closing argument
because the above-quoted statements by the prosecutor constituted a comment on appellant's
failure to testify. A prosecutor's comment on the defendant's failure to testify violates the
privilege against self-incrimination in Article I, section 10 of the Texas Constitution and in the
Fifth Amendment to the United States Constitution. Griffin v. California, 380 U.S. 609, 615
(1965); Gardner v. State, 730 S.W.2d 675, 700 (Tex. Crim. App.), cert. denied, 484 U.S. 905
(1987). Such a comment also violates the Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 38.08 (West 1979); Lopez v. State, 793 S.W.2d 738, 741 (Tex. App.Austin
1990), pet. dism'd, improvidently granted, 810 S.W.2d 401 (Tex. Crim. App. 1991). The statute
is violated when a prosecutor's comment is either manifestly intended or of such a character that
the jury would naturally and necessarily take it to be a comment on the defendant's failure to
testify. Banks v. State, 643 S.W.2d 129, 134 (Tex. Crim. App. 1982), cert. denied, 464 U.S.
904 (1983).

 In Cook v. State, a sexual assault case, the prosecutor made the following remark
to the jury:

During voir dire I told you at that time that I would find out what the defense is the
same time you find out, and A., I told you first of all there are several defenses we
usually heard. A., would be mistaken identity. They couldn't do that because
everybody identified him. B., using the alibi. Someone else, because, `I was
somewhere else. I've got my alibi, because I was playing poker with the guys.' 
It wasn't that. Again, because all of the evidence involved. C., consent. There
was no affirmative consent shown as to what happened during the attack. Only
innuendoes and suppositions about what may have happened.

702 S.W.2d 597, 598 (Tex. Crim. App. 1984) (on rehearing) (emphasis in original). Defense
counsel objected to the argument and the trial court overruled the objection. Id. at 599. Consent
was a hotly contested issue in the case: only the complainant and the defendant were in the
bedroom when the alleged sexual assault occurred; therefore, only the defendant could provide
affirmative evidence of consent. Id. at 600. The Court of Criminal Appeals held that the
argument was an impermissible comment on the defendant's failure to testify because the remark
alluded to missing evidence that could only be supplied by the defendant. Id. Additionally, the
court concluded that the prosecutor's use of the pronoun "I" was a reference to the defendant's
failure to testify. Id. at 599-600. The court concluded that the error was not harmless, because
(1) it went to a basic defensive issue on which the defendant had not testified, and (2) while the
error may have been cured by an instruction, no instruction was given after the initial objection
was overruled leaving the jury with the impression that they could properly consider the
prosecutor's argument.

 Despite the constitutional implications of a prosecutor's improper comment on a
defendant's failure to testify, the error can be rendered harmless or waived. For example, if the
court delivers a particularly strong instruction to the jury to disregard, which emphasizes the
absolute impropriety of the statement and dramatizes the importance of disregarding the statement,
the error may be rendered harmless. Davis v. State, 645 S.W.2d 817, 819 (Tex. Crim. App.
1983). Also, if the court determines beyond a reasonable doubt that the impermissible comment
did not contribute to the verdict, then the error will be held harmless pursuant to Texas Rule of
Appellate Procedure 81(b)(2). See Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App.
1990); Lopez, 793 S.W.2d at 743. Additionally, the general rule is that any impropriety in the
State's argument is waived by a defendant's failure to make a proper and timely objection. Cooks
v. State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992); Romo v. State, 631 S.W.2d 504, 505
(Tex. Crim. App. 1982); Johnson v. State, 629 S.W.2d 953, 954 (Tex. Crim. App. 1982);
Espinoza v. State, 843 S.W.2d 729, 730 (Tex. App.Austin 1992, pet. ref'd) (stating that if no
objection is made to an improper comment on a defendant's failure to testify, nothing is preserved
for review and the error is waived). 

 In the present case, appellant's trial counsel did not object to the prosecutor's
remarks. Moreover, trial counsel did not request an instruction, and the trial court did not give
an instruction. Appellant contends, however, that this point of error is an exception to the general
rule requiring a proper and timely objection because the argument of the prosecutor is so
prejudicial that an instruction to disregard would not cure the harm. Romo, 631 S.W.2d at 505. 
We disagree. We hold that the prosecutor's comments did not cause such egregious harm as to
undermine the basic fairness and impartiality of appellant's trial. See Almanza v. State, 686
S.W.2d 157, 171-72 (Tex. Crim. App. 1984).

 Appellant asserts that the prosecutor's argument referred to motive in order to
highlight defendant's failure to testify. A reference to motive which has the purpose or effect of
showing that the defendant is the only one who can supply the motive for a crime, but has failed
to testify, is improper. Lopez, 793 S.W.2d at 741. We do not believe, however, that the
prosecutor in the present case improperly referred to a motive that appellant alone could deliver. 
On the contrary, the prosecutor expressly argued that there was sufficient evidence to show why
appellant committed the crimes of which he was accused, but that, despite this evidence, motive
was not an element that the State had to prove beyond a reasonable doubt. We find no error in
that portion of the prosecutor's argument.

 The prosecutor's use of the pronoun "I" was arguably an improper reference to
appellant's failure to testify. See Cook, 702 S.W.2d at 599, 600. Even assuming it was,
however, "although we are unable to say that a perfunctory limiting instruction definitely would
have cured the harm from the prosecutor's argument, we also cannot say that a particularly strong
limiting instruction could not have done so." Espinoza, 843 S.W.2d at 731. By failing to object,
therefore, appellant waived any error.

 But even if the error could not have been cured by a particularly strong limiting
instruction and was not harmless under Rule 81(b)(2), we believe that any error was waived under
McGlothlin v. State, 896 S.W.2d 183, 186-87 (Tex. Crim. App. 1995). In McGlothlin, the court
held that error occurring in the guilt/innocence phase of the trial is waived if the defendant takes
the stand during the punishment phase and admits his guilt to the charged offense. Id. When a
defendant testifies and judicially confesses to the charged offense, the purpose of the trial process
is satisfied. Id. at 187. Consequently, no reversible error should occur where the defendant
satisfies the necessity of the trial process. Id. During the punishment phase in the present case,
appellant took the stand and confessed to committing both charged offenses. Appellant, therefore,
satisfied the trial process by his judicial confession and waived any error in the guilt/innocence
phase. We overrule appellant's point of error. (2)

CONCLUSION


 Having overruled appellant's sole point of error, we affirm the judgments of
conviction. 



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: April 3, 1996

Do Not Publish
1. These offenses took place before September 1, 1994 and are governed by the law in
effect at the time the offenses occurred. Because the code amendments effective
September 1, 1994 had no substantive effect on these offenses, we cite the current code
for convenience.
2.   Appellant has also filed a pro se brief alleging additional points of error. There is no
right to a hybrid representation. These additional points of error therefore present nothing for
review. See Turner v. State, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991), cert. denied,
502 U.S. 870 (1991). Even if appellant were entitled to hybrid representation, we have
reviewed the points raised in his brief and have found them to be without merit.



. Moreover, trial counsel did not request an instruction, and the trial court did not give
an instruction. Appellant conten