Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00126-CR

                                                     __________

 

                                 DAVID
WAYNE MARTIN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                              On Appeal
from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                      Trial
Court Cause No. 12959

 



 

                                             M
E M O R A N D U M   O P I N I O N        








David
Wayne Martin appeals his conviction by a jury of the offense of possession of a
controlled substance, methamphetamine, in an amount of less than one gram.  The
jury assessed his punishment at two years in the Texas Department of Criminal
Justice, State Jail Division, and a fine of $10,000.  He contends in seven
issues on appeal that (1) the trial court committed reversible error in the
venire empaneling process it employed by violating his constitutional right to
a trial by jury; (2-4) the trial court committed reversible error by wrongfully
influencing the jury panel with comments at the beginning of voir dire
emphasizing the cost and waste of a mistrial, by such comments that downplayed
the severity of state jail level felonies and their punishments combined with
misleading comments about parole board tragedies, and by such comments associating
drug crimes with offenses such as child abuse and murder;  (5) the trial court
committed reversible error by denying defense counsel=s motion for a mistrial at the conclusion of
voir dire due to incurable tainting of the jury panel resulting from emotional
outbursts by multiple panel members during voir dire; (6) the trial court
committed reversible error by denying defense counsel=s motion for mistrial during the trial on the
merits due to prejudice or surprise to the defendant resulting from the State=s failure to produce a
video of Martin=s
traffic stop as had previously been ordered by the court; and (7) the State=s comments on the
unadmitted video of the traffic stop constituted improper comments on Martin=s failure to testify on
certain issues and were improper references to evidence outside the record.  We
affirm.

Martin
contends in Issue One that the trial court committed reversible error in the
venire empaneling process it employed by violating his constitutional right to
a trial by jury.  It is undisputed that the panel from which Martin=s jury was selected
included veniremembers who, for whatever reason, had not been selected to be
jurors in a case in which the jury had been empaneled earlier in the day.  As
best we understand Martin=s
contention, this procedure denied him the right to trial by an impartial jury
because it diluted or denied his right to his peremptory challenges because
those not selected to serve as jurors in the jury previously selected had been
determined to be unacceptable for jury service, either through a challenge for
cause or a peremptory challenge.  

There
is no logical basis for Martin=s
assertion that a veniremember who was subject to a challenge for cause or a
peremptory challenge in the case in which the jury had previously been
empaneled was by virtue of such a challenge deemed unacceptable for jury
service in his case.  Our record contains no indication of the nature of the
other case, the reason for any challenge for cause, or the reason for any
peremptory challenge.  There being no showing that the procedure followed
resulted in jurors who were unacceptable for jury service being included in the
panel from which Martin=s
jury was selected, we find that Martin=s
issue has no merit.  We overrule Issue One.








In
Issues Two, Three, and Four, Martin insists that the trial court committed
reversible error by wrongfully influencing the jury panel with comments at the
beginning of voir dire.  Martin complains in Issue Two that the court=s emphasis on the cost and
waste associated with a mistrial inclined the jury to convict him rather than
permit a mistrial by hung jury as its deliberations at the conclusion of the
trial on the merits lengthened.  The comment of the court of which Martin
complains was merely the standard instruction to the jury of the importance of
its following the court=s
instructions so as to avoid the cost and expense of the case being tried again
by another jury.  Nothing in the instruction was calculated to encourage any
juror to return a false verdict in order to avoid a hung jury.  In fact, the
trial court=s
instructions as a whole instructed that jurors were to return a guilty verdict
only if they found that the elements of the offense were proved beyond a
reasonable doubt and that, if a juror had a reasonable doubt, the juror was to
return a verdict of not guilty.  We also note that there was no objection to
the trial court=s
comment.  Consequently, nothing is presented for review.  Denison v. State,
651 S.W.2d 754, 761 (Tex. Crim. App. 1983).  We overrule Issue Two.

In
Issue Three, Martin complains of a comment by the trial judge in which the
judge offered an in-depth explanation of the history and processes of the state
jail system, which included a reference to terrible mistakes by the parole
board.  The trial court explained to the jury the fact that state jails and
state jail felonies were created so that those guilty of lesser crimes could be
sent to less-expensive state jails rather than more-expensive penitentiary
units.  The judge related that in the past the parole board had made serious
mistakes, noting that on one occasion a prisoner released early from the
penitentiary, apparently because of overcrowding, had murdered a child.  The
purpose of the remarks appears to have been an effort by the trial court to
explain to the jury what a state jail was and why state jails were created. 
Martin presented no objection to the remarks by the trial judge.  He contends
that the comments lessened the severity of state jail sentencing in the minds
of the jurors and confused them regarding parole and credits for time served
prior to sentencing in the state jail context.  While the trial court=s remarks would have
indicated to the jury that the offense for which Martin was charged was less
serious than some other felonies, we find nothing in the remarks that would
improperly lessen the severity of state jail sentencing.  








In
suggesting that the comments confused the jury regarding parole and credits for
time served, Martin notes that, during the punishment phase of the trial, the
jury asked about whether Martin would receive credit for time served.  We see
nothing in the judge=s
comments that would have led to this inquiry by the jury.  We further note
that, even if the comments had, there would have been no harm to Martin because
any confusion the jury might have had would have been clarified by the judge=s response that the
granting of jail credits is up to the trial judge and that the total time
served could not exceed two years.  In any event, because of Martin=s failure to object,
nothing is presented for review.  Denison, 651 S.W.2d at 761.  We
overrule Issue Three.

Martin
argues in Issue Four that the trial court made a highly prejudicial comment
during voir dire associating drugs with such crimes as child abuse and murder. 
Counsel for Martin asked the members of the venire if, because of some relation
to a drug-type case, they could not be fair and unbiased.  The court sought to
clarify to the panel that it was not being asked whether or not it liked drugs. 
He concluded by saying, ABut
I don=t think anybody
is going to raise their hand and say, >Well
I like drugs or I like child abuse or I like murder.=@ 
In this context, the only comparison seems to be that these are all crimes, not
that they are all crimes of equal severity.  As previously noted, the trial
court had already explained to the veniremembers that the crime for which
Martin was charged was a less-serious state jail felony.  Also, inasmuch as
Martin made no objection to the comments by the trial court, nothing is
presented for review.  Denison, 651 S.W.2d at 761.  We overrule Issue
Four.

Martin
insists in Issue Five that the trial court committed reversible error by
denying his motion for mistrial at the conclusion of voir dire due to incurable
tainting of the jury panel resulting from emotional outbursts by multiple panel
members during voir dire.  Veniremember Carey, when asked whether the nature of
the case would prevent her from being fair and unbiased, replied that she was
formerly a school nurse who had Areal
definite feelings@
about drug use, methamphetamine in particular.  Veniremember Lang, in response
to the same question, related that her granddaughter=s mother is a registered drug addict who was
still into drugs.  She told of the granddaughter Abawling
her eyes out@ because
her mother was living on the streets of Fort Worth doing drugs.  Veniremember
Walter, also in response to the same question, volunteered that four years
previously someone who was drunk and on crank killed her son.  Veniremember
Wakefield indicated that she could not deal with anyone with drugs because a
year previously her twenty-six-year-old daughter, a registered nurse and
newlywed, had been killed by Asomeone
with marihuana.@  At
her request, she was immediately released.








Martin
presented no objection to any of the statements by the veniremembers, nor did
he ask for an instruction to disregard.  At the conclusion of voir dire, Martin
presented a motion for mistrial on the basis that the emotional nature of the
questioning on the drug issue, and the fact that individuals on the panel were
strongly affected by it, corrupted the panel.  The trial court denied the
motion, while finding it to have been timely made.  When a party=s first action is to move
for mistrial, the scope of appellate review is limited to the question of
whether the trial court erred in not taking the most serious action of ending
the trial; in other words, an event that could have been prevented by timely
objection or cured by instruction to the jury will not lead an appellate court
to reverse a judgment on appeal by a party who did not request these lesser
remedies in the trial court.  Young v. State, 137 S.W.3d 65, 70 (Tex.
Crim. App. 2004).  We are of the opinion that, if any harm resulted to Martin
by the veniremembers=
statements, it could have been prevented by a timely objection and motion to
disregard.  Consequently, we overrule Issue Five.

Martin
urges in Issue Six that the trial court committed reversible error by denying
his motion for a dismissal or mistrial during the trial on the merits due to
prejudice or surprise to him resulting from the State=s previous failure to produce a video of his
traffic stop.  Prior to trial, the State agreed to check on the existence of a
video of Martin=s
traffic stop and to provide a copy of it to him if one existed.  Counsel for Martin
indicated to the court that he had been told that the State did not have and
could not locate the video.  Texas Department of Public Safety trooper trainee
Donald Wright, who, while a deputy sheriff in Palo Pinto County, arrested
Martin, testified at trial that such a video existed and was at the sheriff=s department.  When asked
what he wanted to do about the State=s
failure to timely produce the tape, counsel for Martin moved for a dismissal,
which the trial court denied.  His subsequent request for an opportunity to
review the video was granted.








Counsel
for Martin was afforded the opportunity to review the video.  When asked what
he was going to offer by way of the video and whether he needed the equipment
set up to play it, counsel replied that he believed that he could handle it by
just recalling Officer Wright.  He proceeded to recall Officer Wright and then
called Martin to the stand.  Counsel rested his case without admitting the
video or requesting the opportunity to redact anything in the video that would
have prevented him from presenting it to the jury.  Counsel=s assertion on appeal that
he requested a redacted version of the video and that his request was denied on
the basis that the State would be entitled to production of the evidence in its
entirety is unsupported by the record.  Any suggestion that the video contained
material that Martin=s
counsel did not wish to present to the jury is also unsupported by the record. 
While it was error on the part of the State to not timely produce the video,
the record reflects that the trial court did everything requested by Martin=s counsel to remedy the
situation.  As we have noted, Martin=s
assertions to the contrary are not supported by the record.  We overrule Issue
Six.

Martin
contends in Issue Seven that the State=s
comment in final argument relating to the unadmitted video constituted an
incurable improper comment on his failure to testify and an improper reference
to evidence outside the record.  In final argument to the jury, the State
argued that Officer Wright must have been telling the truth about Martin=s demeanor at the time of
his arrest because Martin would have played the video to the jury had it been
inconsistent with Officer Wright=s
testimony.  Martin presented no objection to the argument and did not request
an instruction to disregard or a mistrial.  Failure to object to a jury
argument or failure to pursue to an adverse ruling one=s objection to a jury argument forfeits the
right to complain on appeal about an erroneous jury argument or to urge that an
instruction to disregard could not have cured an erroneous jury argument.  Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  

Martin
relies upon the cases of Cook v. State, 702 S.W.2d 597, 601 (Tex. Crim.
App. 1984); and Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App.
1991).  We find each to be distinguishable.  In Cook, the prosecutor
made an improper reference on the defendant=s
failure to testify.  Cook, 702 S.W.2d at 600.  A prosecutor=s remark constitutes an
impermissible comment on a defendant=s
failure to testify if the remark alludes to missing evidence that could only be
supplied  by the defendant.  Id.  In the case at bar, Martin did
testify.  The prosecutor=s
remark was not a comment on Martin=s
failure to testify but was a comment on his failure to introduce the video into
evidence.  Additionally, in Cook the defendant made an objection to the
argument complained of on appeal.  Id. at 599.  The defendant in Long
also objected to the comments by the prosecutor, whereas, in the case at
bar, Martin did not.  Long, 823 S.W.2d at 267.  We overrule Issue Seven.

The
judgment of the trial court is affirmed.

 

PER CURIAM

August 14, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals 2nd
District of Texas at Fort Worth sitting by assignment.