Halcomb v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-120-CR

     ARTHUR EARL HALCOMB,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 4
Dallas County, Texas
Trial Court # F93-68288-SK
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Halcomb appeals from his conviction for murder, for which he was sentenced to
thirty years in the Texas Department of Criminal Justice, Institutional Division.
      On October 16, 1993, Appellant shot and killed Karl Nemeth. This occurred during an
argument between Nemeth and Appellant's ex-wife, Leola, and over Leola's refusal to allow
Nemeth to remove trailers parked on her property until the electric bill was paid. The argument
became heated and Leola called Appellant to help her. Appellant came with a gun and fired two
shots above Nemeth's head and then, a few minutes later, fired a third shot that killed Nemeth. 
Appellant testified that he did not intend to shoot Nemeth and that the gun just fired accidently.
      Trial was before the court which found Appellant guilty of murder and he was sentenced to
thirty years in prison with the affirmative finding that Appellant used a deadly weapon.
      Appellant appeals on seven points of error.
      Point one: "The evidence is insufficient to establish that Appellant possessed the requisite
intent to commit murder."
      When reviewing the sufficiency of the evidence to sustain a conviction, the appellate court
must determine whether, after viewing the evidence in the light most favorable to the prosecution,
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-319 (1979); Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988). The trier of fact, as sole judge of the facts and the credibility of the
witnesses, can believe or disbelieve any witness or any portion of the testimony. Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).
      The evidence shows that Appellant shot and killed Nemeth. Appellant was cleaning a van
parked at Appellant's home. Nemeth and Appellant's ex-wife Leola were arguing on the porch
about an electric bill and about Nemeth's right to move his trailers from the property without
paying the electric bill. Nemeth called Leola a "bitch" and shoved her. Leola called to Appellant
to "get the gun." Appellant got the gun and fired two shots over Nemeth's head, waited thirty to
sixty seconds and fired a third shot striking Nemeth in the head and killing him. Appellant and
Nemeth were friends. Appellant testified he secured his gun and shot the first two shots to "shake
up" Nemeth; that he had no memory of the third shot; that the gun must have "accidently
discharged."
      After the first two shots were fired, Nemeth put his hands in the air, told Appellant, "I'm
going, please don't shoot." Appellant thereafter fired the third shot. A gun per se is a deadly
weapon and a specific intent to kill may be inferred from the use of such weapon. Adanandus v.
State, 866 S.W.2d 210, 215.
      Although Appellant testified he did not intend to kill Nemeth, "a defendant's statement that
he did not intend to kill cannot be plucked out of the record and examined in a vacuum." Burnett
v. State, 865 S.W.2d 223, 230 (Tex. App.—San Antonio 1993, pet. ref'd).
      From the record as a whole, a rational trier of fact could conclude beyond a reasonable doubt
that Appellant intentionally and knowingly killed Nemeth as alleged in the indictment.
      Point one is overruled.
      Points two and three: "Appellant has been denied reasonably effective assistance of counsel
under the U.S. Constitution, Amend. VI, and under the Texas Constitution, Art. I, § 10, by trial
counsel's failure to raise the issue of lack of intent to kill."
      The standard of review where ineffective assistance of counsel is alleged is set out in
Strickland v. Washington, 466 U.S. 688, and Hernandez v. State, 726 S.W.2d 53, 57. These
cases require a showing that counsel's performance was deficient by norms of the community, plus
a showing that the deficiency so undermined the proper function of the adversarial process that the
trial cannot be relied on as having produced a just result. This is judged by the totality of
counsel's representation and not by isolated acts and omissions. Solis v. State, 792 S.W.2d 95,
100 (Tex. Crim. App. 1980). The burden of proving ineffective assistance of counsel is on
Appellant and must be proved by a preponderance of the evidence. Moore v. State, 694 S.W.2d
528, 531 (Tex. Crim. App. 1985).
      Appellant asserts trial counsel did not raise the defense of lack of intent to kill. Appellant fails
to specify how trial counsel's performance fell below the community norms or that the trial court
would have reached a different verdict had trial counsel pursued the theory of lack of intent. The
record shows that trial counsel attempted to convince the trial court that Appellant was only guilty
of voluntary manslaughter. Under the evidence this was a reasonable strategy. The decision of
trial counsel not to pursue an alternative theory of defense does not make the representation
ineffective. Hawkins v. State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983).
      Points two and three are overruled.
      Point four: "The indictment does not meet the requisites of the Texas Code of Criminal
Procedure, art. 21.02(a), and does not constitute a valid grand jury indictment under the Texas
Constitution, Art. I, § 10."
      Points five and six: "Appellant has been denied reasonably effective assistance of counsel
under U.S. Constitution, Amend. VI, and under Texas Constitution, Art. I, § 10, by trial
counsel's failure to object on the grounds that the indictment does not meet the requisites of Texas
Code Criminal Procedure, Art. 21.02(a)."
      Points four, five and six are based on Appellant's assertion that the original indictment was
not signed by the grand jury's foreman. A copy of the indictment is in the supplemental
transcript, on file in this case, and shows that the grand jury foreman did sign the indictment. 
Appellant is mistaken.
      Points four, five and six are overruled. 
      Point seven: "The provisions of the Texas Constitution, Art. I, § 10, mandates greater
protection for a criminal defendant in Texas than does the U.S. Constitution, Amend. VI."
      Appellant makes this point conditional upon this court finding that his rights to effective
assistance of counsel under the U.S. Constitution or under Texas law have been violated. We
have not found that Appellant's rights to effective assistance of counsel have been violated under
either federal or Texas state law.
      Point seven is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 14, 1995
Do not publish