Johnson-KD v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-163-CR

     KENNETH DWAYNE JOHNSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 195th District Court
Dallas County, Texas
Trial Court # F93-44087-PN
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Johnson appeals from his conviction for aggravated robbery (enhanced by two prior
felony convictions), for which he was sentenced to sixty years in the Texas Department of
Criminal Justice.
      Appellant robbed Sara Roby, a Dallas school teacher, at gunpoint taking her car, money and
personal property. Roby left the school at about 12:30 p.m. on July 2, 1993, and walked across
the parking lot to her car. As she closed the door, a man she identified in court as Appellant
forced the door open and put a gun in her side. Roby testified Appellant shouted, "Scream and
you're dead, bitch," and began pulling off her watch. He took her ring, keys, purse, ripped open
her blouse and hit her across the face with the gun. He kicked her out of the car and then drove
away in the car. Appellant was also identified by Christopher Holland who witnessed the robbery. 
Appellant's fingerprints were found on Roby's car after it was recovered.
      The jury found Appellant guilty of aggravated robbery. At the punishment phase, the State
called Beatrice French who testified that, in her opinion, Appellant's character for being peaceful
and law abiding was bad. The jury also found both alleged felony convictions to be "true," and
assessed Appellant sixty years in prison.
      Appellant appeals on one point of error: "The appellant was denied effective assistance of
counsel in the punishment phase of the trial when his court-appointed counsel allowed inadmissible
reputation testimony to come before the jury."
      The standard for review when ineffective assistance of counsel is alleged in the punishment
phase is set out in Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1989); Strickland v.
Washington, 466 U.S. 688; and Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 
These cases require a showing that counsel's performance was deficient by norms of the
community, plus a showing that the deficiency so undermined the proper function of the
adversarial process that the trial cannot be relied on as having produced a just result. This is
judged by the totality of counsel's representation and not by isolated acts or omissions. Solis v.
State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1980). The court must indulge a strong presumption
that the challenged action might be considered sound trial strategy. Miniel v. State, 831 S.W.2d
310, 323 (Tex. Crim. App. 1992).
      At the punishment phase, the State called Beatrice French who testified that she came in
contact with Appellant on June 15, 1993. Ms. French was asked: "As a result of your contact
with [Appellant] back on June 15, 1993, do you have an opinion as to his character as a peaceful
and law abiding citizen?" Answer: "Yes." Question: "What is that opinion? Is his character
as a peaceful and law abiding citizen good or bad in your opinion?" Answer: "Bad."
      Counsel for Appellant did not object to the introduction of the opinion stated by Ms. French,
and did not cross examine her regarding the basis for her opinion. Appellant contends this renders
his trial counsel ineffective.
      Tex. R. Crim. Evid. 405(a) provides: "In all cases in which evidence of character or trait
of character is admissible, proof may be made by testimony as to reputation or by testimony in the
form of an opinion. Provided however that to be qualified to testify concerning the character or
trait of character of an accused, a witness must have been familiar with the reputation, or with
underlying facts or information upon which the opinion is based, prior to the day of the offense." 
(Emphasis added).
      French testified her opinion was based on her contact with Appellant on June 15, 1993. The
charged offense occurred July 2, 1993, French's testimony was admissible and trial counsel
committed no error in not objecting to same. We further conclude that trial counsel did not cross-examine French because he did not want to put the details of the basis of her opinion before the
jury.
      Assuming, without deciding, that the testimony of Ms. French was somehow inadmissible,
trial counsel's failure to object or cross-examine on same was harmless beyond a reasonable doubt
under the record in this case. Tex. R. App. P. 81(b)(2).
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and 
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 19, 1995
Do not publish



ntinued therapy. Neither Dr.
Rubin nor Prochera, nor any employee of Horizon saw Ms. MacDonald after she was transferred
from Horizon. Ms. MacDonald died at Methodist Medical Center on October 22, 1996. The
official cause of death was listed as atherosclerotic heart disease; however appellants offered
evidence through their expert, Dr. Arnold Merin, that she died of “the dwindles,” a general
medical debilitation that appellants contend began with improper feeding by means of the foley
catheter rather than the j-tube, which lead to a fistula and a weakened condition that in turn lead
to a nutritional deficiency which caused MacDonald to lose weight and ultimately die.
B. The Standard of Review
      After an adequate time for discovery, the party without the burden of proof may, without
presenting evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The
motion must specifically state the elements for which there is no evidence. Id.; In re Mohawk
Rubber Co., 982 S.W.2d 494, 497-98 (Tex. App.—Texarkana 1998, orig. proceeding). The trial
court must grant the motion unless the nonmovant produces summary judgment evidence that
raises a genuine issue of material fact. See Tex. R. Civ. P. 166a(i) cmt.; Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied); Jackson v. Fiesta Mart, Inc.,
979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.).
      A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the
same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in
reviewing a directed verdict. Frazier v. Yu, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999,
pet. denied); Moore, 981 S.W.2d at 269. We review the evidence in the light most favorable to
the party against whom the no-evidence summary judgment was rendered, disregarding all
contrary evidence and inferences. Szczepanik v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex.
1994). If the nonmovant brings forward more than a scintilla of probative evidence that raises a
genuine issue of material fact, then a no-evidence summary judgment is not proper. Moore, 981
S.W.2d at 269. Where, as here, the trial court grants summary judgment in a general order
without specifying the ground or grounds relied on for its ruling, summary judgment will be
affirmed on appeal if any of the theories advanced are meritorious. Star-Telegram, Inc. v. Doe,
915 S.W.2d 471, 473 (Tex. 1995).
      [3] however, they strongly
urge us to conclude appellants failed to produce evidence that their treatment was a proximate
cause of Ms. MacDonald’s death.
      To establish causation in a personal injury case, a plaintiff must prove that the conduct of the
defendant caused an event and that this event caused the plaintiff to suffer compensable injuries. 
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497 (Tex. 1995). The evidence concerning the
issue of proximate cause in the instant record is very much in dispute. Dr. Merin opined that the
actions of Dr. Rubin and Dr. Prochera were the proximate cause of Ms. MacDonald’s death. 
More specifically Merin stated that as a result of using the wrong tube for feeding, a fistula
developed which extended from Ms. MacDonald’s intestine to the skin in the site of the foley
catheter. This fistula developed as a result of pressure from the feedings through the foley catheter
tube, which opened up a tract that allowed bacteria to set in, causing an infection. According to
Dr. Merin this fistula did not become manifest until approximately seven weeks after Ms.
MacDonald was transferred from Horizon. Merin further stated that Ms. MacDonald died of “the
dwindles,” a generalized medical debilitation that was proximately caused by her receiving
nutrition through the foley catheter. Similarly, Dr. Rubin and Dr. Prochera provided summary
judgment evidence indicating it was reasonable to provide nutrition through the foley catheter and
that such action was preferable to risks posed by surgical intervention to replace the j-tube. They
also provided summary judgment evidence that Ms. MacDonald tolerated the foley catheter
feedings well and subsequently gained weight. In contrast, Dr. Merin stated that it is a “delusion”
to believe a patient might be tolerating well a feeding through the foley catheter. The fistula that
developed some two months later, according to Dr. Merin, was caused by the foley catheter
feeding. Dr. Rubin and Dr. Prochera presented evidence that Ms. MacDonald could have
received adequate nutrition subsequent to her transfer from Horizon had her family not refused
to allow her nasogastric feeding. Dr. Merin, in contrast, stated that nasogastric feeding was not
a viable option because Ms. MacDonald could not have received oral feedings and would have
lived in a “vegetative” state. It was not explained by Dr. Merin how his earlier testimony that
nasogastric feeding was a preferable option to feeding through the foley catheter after the j-tube
became dislodged, but was not a viable feeding option after Ms. MacDonald was transferred from
Horizon. However, viewing the evidence in the light most favorable to the appellants, the non-movants, we find appellants produced more than a scintilla of probative evidence establishing a
causal connection between the feeding through the foley catheter and Ms. MacDonald’s subsequent
death. We hold that because there exists disputed issues of material fact concerning the issues of
negligence and proximate cause, summary judgment was not proper as to appellants’ claims
against Dr. Rubin and Dr. Prochera.
      The orders granting summary judgment in favor of Horizon, Dr. Rubin, and Dr. Prochera
are reversed and the case remanded to the trial court for further proceedings consistent with this
opinion.
DAVID L. RICHARDS
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Richards (Sitting by Assignment)
Reversed and remanded 
Opinion delivered and filed December 18, 2002
Do not publish
[CV06]