Collier-JM v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-223-CR

     JACKY MARK COLLIER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 52nd District Court
Coryell County, Texas
Trial Court # 14,189
                                                                                                                 

O P I N I O N
                                                                                                                 

      Appellant Collier appeals from his conviction for Driving While Intoxicated, third offense,
enhanced by one prior felony conviction for delivery of marihuana, for which he was sentenced to
16 years in the Texas Department of Criminal Justice, Institutional Division.
      Appellant was stopped by Officer Dove in the 2100 block of Main Street in Gatesville at 10:46
p.m. on October 31, 1995. Office Dove testified that Appellant failed to pull to the side of the road
and stop and had to be stopped by a “rolling blockade”; had a strong odor of alcohol on his breath;
failed a field-sobriety test; refused to take a Breathalyzer test; and in Officer Dove’s opinion, was
intoxicated. Appellant was arrested for driving while intoxicated.
      Appellant testified that he had consumed six beers since supper but was not intoxicated. He
admitted to three prior DWI conviction. Trial was to the court and Appellant was found guilty.
      Appellant pled true to the prior felony, delivery of marihuana, conviction. The court assessed
punishment at 16 years in prison.
      Appellant appeals on four points of error. All four points contend that Appellant did not
receive effective assistance of counsel in a specifically asserted omission which undermined
confidence in the outcome of the trial.
      Strickland v. Washington, 466 U.S. 668 (1984) and Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986) set the standards for analyzing a claim of ineffective assistance of counsel. 
These cases require a showing that counsel’s performance was deficient by the norm of the
community plus a showing that the deficiency so undermined the proper function of the adversarial
process that the trial cannot be relied on as having produced a just result. This is judged by the
totality of counsel’s representation and not by isolated acts and omissions. Solis v. State, 792
S.W.2d 95, 100 (Tex. Crim. App. 1980). The burden of proving ineffective assistance of counsel
is on the appellant and must be proved by a preponderance of the evidence. Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985). As to the punishment phase of the trial, Ex parte Duffy,
607 S.W.2d 507 (Tex. Crim. App. 1980), requires the court to judge the full scope of the
assistance and representation for effectiveness.
      Point one asserts Appellant did not receive effective assistance of counsel during the
guilt/innocence phase of the trial because trial counsel did not object to the State’s Exhibits 1 and
2. Exhibit 1 was the packet showing Appellant’s conviction for DWI in Reeves County in 1987. 
Exhibit 2 was the packet showing Appellant’s conviction for DWI in Taylor County in 1992. Both
exhibits were admissible to document the State’s burden in proving its case-in-chief, i.e., Felony
DWI.
      Point one is overruled.
      Point two asserts Appellant did not receive effective assistance of counsel during the
punishment phase because trial counsel did not object to State’s Exhibit 4.
      Exhibit 4 was a “pen packet” the State introduced to prove the prior felony conviction for
delivery of marihuana in Taylor County in 1984. Exhibit was admissible. Appellant pled “true”
to the enhancement paragraph of the indictment. No error is shown.
      Point two is overruled.
      Point three asserts Appellant did not receive effective assistance of counsel because there were
no pretrial motions filed to quash the indictment or to suppress oral statements made by Appellant
during a custodial interrogation.
      The indictment is a proper indictment. Counsel was not required to seek to quash a proper
indictment. All statements made by Appellant to Officer Dove were made prior to Appellant’s
arrest.
      Point three is overruled.
      Point four asserts Appellant did not receive effective assistance of counsel under an analysis
of the totality of the trial.
      The evidence of Appellant’s guilt was overwhelming. Nevertheless, Appellant’s counsel
adequately cross-examined the police officers and presented mitigating evidence to avoid a harsh
sentence by calling witnesses. We think, from the totality of the record, Appellant’s counsel has
not been shown to have rendered ineffective assistance.
      Point four is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis,
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 13, 1997
Do not publish