Elmo Hodge Richardson aka Elmo Richardson Hode v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-138-CR
&
No. 10-97-139-CR

     ELMO HODGE RICHARDSON
     AKA ELMO RICHARDSON HODGE,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Criminal Court at Law No. 11
Harris County, Texas
Trial Court # 9645111 & 9645110
                                                                                                                

O P I N I O N
                                                                                                                

      In Cause No. 10-97-138-CR Appellant Richardson appeals his conviction for making a false
statement to obtain credit (representing himself to be Lawrence Reibenstein), for which he was
sentenced to 365 days in the county jail and a $2,000 fine.
      In Cause No. 10-97-139-CR Appellant Richardson appeals his conviction for making a false
statement to obtain credit (representing himself to be James K. Borah), for which he was 
sentenced to 365 days in the county jail and a $2,000 fine.
      The two cases were tried together; there is one reporter's record; the briefs are almost
identical; and this court has granted a motion consolidating the two cases on appeal.
      In October 1995, Jeff Kramer worked at Conn's Appliances in Houston. His duties included
screening customers' credit applications. On October 4, Mr. Kramer helped Appellant fill out a
credit application at Conn’s. Appellant, a black make with short closely-shaven head, identified
himself as Lawrence Reibenstein and sought to purchase a big-screen television, a washer, and a
dryer priced about $4,000. Kramer became suspicious of the credit application's veracity and
went to the store's warehouse to make some telephone calls. When he returned Appellant had
disappeared and never returned to the store.
      Sometime later Kramer was contacted by Sergeant Wrentz of the Texas Department of Public
Safety. Sergeant Wrentz was investigating an unknown person's fraudulent use of Lawrence
Reibenstein's identity to obtain credit. Reibenstein was a white male who died in September 1995. 
Kramer gave Appellant's description to Sergeant Wrentz. Wrentz was unable to determine
Appellant's identity and the investigation stalled.
      Later, in September 1996, Kramer saw Appellant's picture in the Sunday paper and
recognized him as the person who had used Reibenstein's name in an attempt to secure credit at
Conn’s. He immediately contacted Sergeant Wrentz. Soon afterward Wrentz presented Kramer
with a photo array containing Appellant's photograph. Kramer identified Appellant as the person
who had identified himself as Lawrence Reibenstein on October 4, 1995.
      Meanwhile Officer Babin of the Houston Police Department was conducting a separate
unconnected investigation of fraudulent use of identities to obtain credit. Officer Babin spoke with
Wilbert Thuman, manager at Bayne Appliances in Houston. On May 8, 1996, Thuman had helped
a customer, who Thuman later identified at Appellant, who had claimed his name was James K.
Borah, another recently deceased person. Purporting to be Mr. Borah, Appellant had attempted
to purchase a refrigerator, washer, and dryer on credit from Thuman. However, Appellant's
request for credit was declined and he left the store.
      Later Thuman saw Appellant's picture in the paper and recognized him as the person who had
claimed to be James Borah. Later, when contacted by Officer Babin, he identified Appellant from
a photograph.
      Both Kramer and Thuman identified Appellant at trial as the person who represented himself
as another and who tried to secure credit from their stores.
      Both cases were tried together and Appellant was convicted in both cases, was sentenced to
365 days in jail and a $2,000 fine in each case. Appellant appeals in each case on two points of
error.
       Point 1 in each case asserts that the out-of-court identification of Appellant was impermissibly
suggestive giving rise to an irreparable misidentification. Specifically, Appellant claims the trial
court should have suppressed Kramer's and Thuman's trial identification of him because each
identification had been tainted by their prior out-of-court identification that had been improperly
suggestive, causing irreparable misidentification.
      Appellant cites Neil v. Biggers, 409 U.S. 188 (1972) which holds that identification testimony
at trial should be set aside only if it is the result of pretrial identification procedures used by law
enforcement officials which gives rise to a substantial probability of irreparable misidentification. 
Rogers v. State, 774 S.W.2d 247, 260 (Tex. Crim. App. 1989) holds the same.
      This case involves no suggestions in the pretrial identification procedures on the part of law
enforcement personnel. Kramer and Thuman viewed Appellant's picture in the newspaper and
then identified him to the police. No suggestive police procedure has been alleged or proven. The
trial court did not err in allowing Kramer and Thuman to identify Appellant at trial because neither
witness was subjected to unduly suggestive police procedure, and no substantial probability of
irreparable misidentification could have existed.
      Point 1 is overruled in both cases.
      Point 2 in each case asserts Appellant was afforded ineffective assistance of counsel because
he failed to object to the admission of prejudicial evidence. Specifically Appellant complains that
the State offered in evidence the prejudicial newspaper photograph and newspaper article about
Appellant. The trial judge admitted the photograph but excluded the newspaper article.
      Strickland v. Washington, 466 U.S. 668 (1984) and Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986) set the standards for analyzing a claim of ineffective assistance of
counsel. These cases require a showing that counsel's performance was deficient by the norms
of the community, plus a showing that the deficiency so undermined the proper function of the
adversarial process that the trial cannot be relied on as having produced a just result. This is
judged by the totality of counsel's representation and not by isolated acts and omissions. Solis v.
State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1980). The burden of proving ineffective assistance
of counsel is on Appellant and must be proved by a preponderance of the evidence. Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). No motion for new trial was filed in the
cases.
      Appellant has failed to demonstrate that the admission of the newspaper photograph was
erroneous or that prejudice arose from its admission. Prejudice is established by showing that a
reasonable probability exists that, but for counsel's deficient conduct, the proceedings’ result
would have been different. Hernandez, at 55.
      Point 2 is overruled in both cases. The judgments are affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed in both cases
Opinion delivered and filed June 3, 1998
Do not publish