11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Larry Alen Conway a/k/a Larry Alan Conway, 

Larry Allen Conway, Larry
Conway, Larry Allan Conway

Appellant

Vs.                   No.
11-02-00008-CR B Appeal from Erath County

State of Texas

Appellee

 

The jury
convicted appellant of burglary of a habitation, found the enhancement
paragraphs to be true, and assessed punishment at 60 years confinement.  In his sole point of error, appellant argues
that the trial court erred by not hearing the motion to withdraw as counsel,
which was filed by trial counsel at appellant=s request.   We affirm.

                                                               Motion
to Withdraw

A trial
court=s decision to allow counsel to withdraw is
reviewed under an abuse of discretion standard.  King v. State, 29 S.W.3d 556, 566 (Tex.Cr.App.2000); Solis v.
State, 792 S.W.2d 95, 100 (Tex.Cr.App.1990). 
An
appellate court will not reverse a trial court=s ruling unless that ruling falls outside
the zone of reasonable disagreement. 
Burden v. State, 55 S.W.3d 608, 615 (Tex.Cr.App.2001). 








On
September 4, 2001, the trial court appointed counsel for appellant.  Appellant was arraigned, and a pretrial
conference was held on October 9, 2001. 
Appellant and the State announced ready for trial, and the trial court
set the case for a jury trial on October 15, 2001.  The trial court passed the case on October 15 to give appellant
more time to prepare, and the court reset the case for trial on November 13,
2001.  On November 7, 2001, appellant=s counsel filed two motions: (1) a first
amended motion for continuance and (2) a motion to withdraw as counsel.  The record does not show that appellant
requested a hearing on the motions prior to the date of trial.  The record also does not indicate that the
trial court was made aware of the motions prior to November 13, 2001. On
November 8, 2001, the day after filing the motion to withdraw as counsel, the
same counsel submitted a Aplea bargain pass agreement@ to the court, indicating that appellant would plead guilty to the
charge.  However, appellant subsequently
decided to plead not guilty.  Prior to
commencement of the trial on November 13, the trial court heard appellant=s motion for continuance and his counsel=s motion to withdraw as counsel.  The court noted that the motions could have
been presented at the pretrial conference and that Athe jury [was] standing out here in the
hallway.@  The
trial court denied both motions as not being timely filed.   

Appellant
complains on appeal that he was not allowed to speak when the trial court heard
his counsel=s motion to withdraw on November 13.  Both motions were filed just 6 days prior to
trial.  In exercising its discretion,
the trial court could consider whether allowing a change of counsel would
obstruct the judicial process or interfere with the administration of
justice.  King v. State, supra at
566.  At the pretrial hearing on October
9, 2001, no motions regarding withdrawal of counsel had been filed.  Apparently, appellant decided to plead
guilty and then changed his mind.  The
trial court did not abuse its discretion by denying the motion to withdraw on
the basis that it was not timely filed. 
We overrule appellant=s sole point of error.

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

December 19, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.