11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Alejandro Delarosa Arellano 

Appellant

Vs.                Nos. 11-02-00163-CR,
11-02-00164-CR, & 11-02-00165-CR C Appeals from Brown County

 

State of Texas

Appellee

 

Alejandro
Delarosa Arellano entered open pleas of guilty to three drug charges.[1]  Cause No. 11-02-00164-CR arises from a
conviction for possession of methamphetamine with intent to deliver, first
degree.  The trial court assessed
appellant=s punishment in Cause No. 11-02-00164-CR at
confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of 20 years. 
Appellant was convicted of delivery of methamphetamine, second degree,
in Cause Nos. 11-02-00163-CR and 11-02-00165-CR.  The trial court assessed his punishment for each offense in Cause
Nos. 11-02-00163-CR and 11-02-00165-CR at confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of 15
years.  The trial court further ordered
that the three sentences were to run concurrently.              

Appellant
raises five points of error on appeal.  The
first three points of error only attack the conviction in Cause No.
11-02-00164-CR.  The fourth and fifth
points of error attack all three convictions.  
All of appellant=s points of error concern his request to have his court-appointed
counsel replaced by retained counsel. 
We affirm.








A jury
trial in Cause No. 11-02-00164-CR was scheduled to begin on Monday, February
18, 2002.  Appellant did not announce Aready@ when the case was called for trial. 
Instead, appellant=s court-appointed trial counsel, G. Lee Haney, informed the trial court
that he had filed a motion that morning to withdraw as appellant=s counsel. 
Haney alleged in the motion that he had been unable to effectively
communicate with appellant in order to provide adequate representation at
trial.  The motion further advised the
court that appellant had sought the services of another attorney to represent
him.  

The trial
court immediately conducted a hearing on the motion to withdraw.  Haney 
advised the trial court that he met with appellant and appellant=s mother on Friday, February 8, 2002, to
discuss the case.  At the conclusion of
the meeting, appellant agreed to meet again with Haney on the following Monday,
February 11, 2002, to prepare for trial. 
Appellant did not return to meet with Haney at any time the following
week.  Attorney Kirby J. Roberts
contacted Haney on Thursday, February 14, 2002, to inform Haney that appellant
was in his office seeking to employ him as defense counsel.  Haney had several telephone conversations
over the course of the next few days with appellant and Roberts.   Roberts advised Haney late Friday afternoon
(February 15, 2002) that he had not been retained and that he felt it was too
late for him to take appellant=s case.  Appellant subsequently
advised Haney on Saturday, February 16, 2002, that he had retained Roberts.

Roberts
then addressed the trial court.  He
first stated that he had not been retained by appellant as of the time of the
hearing.  He then detailed his contact
with appellant regarding representation. 
Appellant first contacted Roberts on Wednesday, February 13, 2002,
seeking legal representation.  Roberts
met with appellant for the first time late on the afternoon of Thursday,
February 14, 2002.  Roberts agreed to
represent appellant at trial on Monday, February 18, 2002, if appellant paid
Roberts=s fee by the next morning (Friday, February
15, 2002).  Appellant and his mother and
sister returned to Roberts=s office the next morning.  They
informed Roberts that they had been unable to raise the money for his fee.  

The trial
court ultimately denied the motion to withdraw.  The court stated on the record that the case had been set for
trial for a long time and that the particular trial setting had been specially
requested by the defense.  The trial
court expressed its reluctance to grant the motion given the fact that the pool
of potential jurors for the case were waiting outside the courtroom.  The trial court also informed the parties
that Roberts could appear as a cocounsel with Haney but that the court would
not delay the trial setting or remove Haney from the case.








After a
brief recess to permit the jury to be seated and to allow appellant and Haney
to confer, appellant announced ready for trial.  Appellant advised the court that he wished to waive his right to
trial by jury in Cause No. 11-02-00164-CR. 
The trial court questioned appellant extensively regarding his desire to
waive a jury trial.  Appellant stated
during the questioning that he was satisfied with Haney=s representation.   The trial court subsequently dismissed the jury.  The 
proceedings for the day ended with a discussion that appellant would
likely enter guilty pleas on the following morning to three of the five charged
offenses.  

Trial
reconvened the next morning (Tuesday, February 19, 2002). Appellant announced Aready@ with respect to Cause No. 11-02-00164-CR.  Appellant also announced Aready@ in Cause Nos. 11-02-00163-CR and
11-02-00165-CR.  Appellant entered
guilty pleas in all three cases.  He
also waived his right to trial by jury in Cause Nos. 11-02-00163-CR and
11-02-00165-CR.  The trial court
questioned appellant extensively about the voluntariness of his guilty pleas
and the waiver of his various procedural rights.  Once again, appellant expressed his satisfaction with Haney=s representation.  The trial court accepted appellant=s guilty pleas and imposed the sentences set out above.  

In his
first point of error, appellant argues that the trial court erred in denying
Haney=s motion to withdraw.  The trial court has discretion to determine
whether counsel should be allowed to withdraw from a case.   King v. State, 29 S.W.3d 556, 566
(Tex.Cr.App.2000); Green v. State, 840 S.W.2d 394, 408
(Tex.Cr.App.1992), cert. den=d, 507 U.S. 1020 (1993)(citing Brewer v. State, 649 S.W.2d 628,
631 (Tex.Cr.App.1983)).  AHowever, the right to counsel may not be
manipulated so as to obstruct the judicial process or interfere with the
administration of justice.@ King v. State, supra at 566; Green v. State, supra
at 408. Personality conflicts and disagreements concerning trial strategy are
typically not valid grounds for withdrawal. King v. State, supra
at 566; Solis v. State, 792 S.W.2d 95, 100 (Tex.Cr.App.1990).








As was the
case in King, the record reflects that Haney had devoted a great deal of
time and effort in the preparation of appellant=s defense.  Given the fact that
neither Roberts nor any other attorney had agreed to represent appellant as of
the morning of trial, a substitution of counsel would have necessitated a delay
of the trial.  The trial court noted
that the trial setting had been scheduled for a long period of time.  At the time the motion for withdrawal was
considered, the trial court did not have any assurances as to if or when
appellant would be able to pay Roberts=s fee.  Furthermore, the trial
court offered appellant the opportunity to have another attorney serve as
co-counsel with Haney.   The record does
not show that the trial court abused its discretion in overruling the motion to
withdraw.  Appellant=s first point of error is overruled.

Appellant
argues in his second point of error that the trial court erred in not delaying
the trial in Cause No. 11-02-00164-CR to permit him to retain counsel of his
choosing.  In his third point of error,
he contends that his jury waiver and guilty plea were involuntarily given in
Cause No. 11-02-00164-CR because the trial court forced him to go forward with
the trial.   Appellant is essentially  arguing in each of these points that the
trial court should have continued the trial setting.  However, appellant did not present the court with a written
motion for continuance.   A motion for
continuance that is not in writing and not sworn preserves nothing for review.
TEX. CODE CRIM. PRO. ANN. art. 29.03 (Vernon 1989); see Dewberry v.
State, 4 S.W.3d 735, 755 (Tex.Cr.App.1999), cert. den=d, 529 U.S. 1131 (2000). 
Therefore, we cannot review appellant=s contention that the trial court should have postponed the case.  See TEX.R.APP.P. 33.1.  Moreover, we review a trial court=s denial of a motion for continuance for
abuse of discretion.  Vasquez v.
State, 67 S.W.3d 229, 240 (Tex.Cr.App.2002).  For the reasons set out in our discussion of appellant=s first point of error, the trial court=s decision to proceed with trial did not
constitute an abuse of discretion. 
Appellant=s second and third points of error are
overruled. 








In his
fifth point of error, appellant contends that the trial court erred in
accepting his guilty pleas in Cause Nos. 11-02-00163-CR, 11-02-00164-CR, and
11-02-00165-CR because Athe [trial] [c]ourt was aware that the [a]ppellant was doing so with
advice of counsel who wished to withdraw and whom Appellant sought to replace.@ Appellant is essentially arguing that his
guilty pleas were entered involuntarily as a result of the trial court=s denial of Haney=s motion to withdraw.  TEX. CODE CRIM. PRO. ANN. art. 26.13 (Vernon
1989 & Supp. 2003) requires a trial court to give certain admonishments
before accepting a plea of guilty, and the admonishment may be given either
orally or in writing.  A record that
shows the trial court properly admonished the defendant constitutes a prima
facie showing that the defendant entered into a knowing and voluntary plea. Martinez
v. State, 981 S.W.2d 195, 197 (Tex.Cr.App.1998).  The record reflects that the trial court went to great lengths to
provide the statutory admonishments to appellant prior to the acceptance of his
pleas.  The trial court specifically
inquired into appellant=s satisfaction with Haney=s representations on two instances to which appellant answered in the
affirmative both times.  The trial court
did not err in accepting appellant=s guilty pleas in light of his declaration that he was satisfied with
Haney=s representation.  Appellant=s fifth point of error is overruled.

Appellant
asserts in his fourth point of error that the trial court erred in accepting
appellant=s 
jury waivers in Cause Nos. 11-02-00163-CR, 11-02-00164-CR, and
11-02-00165-CR Adue to the fact that such was done with clear
confusion on the part of both the [a]ppellant and [Haney] in that [Haney] had
not reviewed the papers involved prior to tendering the jury waiver.@ 
Appellant directs the court=s attention to a comment made by Haney during a discussion among the
trial court and the attorneys on Monday, February 18, 2002.    After the trial court overruled Haney=s motion to withdraw, the trial court granted
a recess for Haney to confer with appellant. 
At the conclusion of the recess, appellant advised the trial court that
he wished to waive the jury in Cause No. 11-02-00164-CR.  Appellant presented the trial court with a
written jury trial waiver which he had executed.  The trial court accepted the waiver after asking appellant
several questions to confirm his approval of the waiver.  A discussion then followed with respect to
further proceedings in the case.  The
prosecutor and Haney advised the court that appellant would probably be
entering guilty pleas to three of the five charges pending against him.  Haney made the following comment during this
discussion:  

[The prosecutor] has discussed with me if we
enter open pleas on three of the different cases, that the others might be
taken into consideration in the Court=s assessment of punishment.  I
anticipate that is what the plan is, but we have to go over it in more
detail.  At this time, I haven=t even had an opportunity to go over the plea
papers in the initial-initial-the case that was set today [Cause No.
11-02-00164-CR].  We will have to discuss
that.

 








Contrary
to appellant=s contention, the record does not demonstrate
Aclear confusion@ on the part of appellant and Haney with respect to waiving the right
to trial by jury in Cause Nos. 11-02-00163-CR, 11-02-00164-CR, and 11-02-00165-CR.[2]  Appellant expressed his understanding of the
effect of the waivers both in writing and orally to the court in all three
cases.   Appellant=s fourth point of error is overruled.

The
judgments of the trial court are affirmed.

 

W. G. ARNOT, III

CHIEF
JUSTICE

 

October 16, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Two
additional charges against appellant were dismissed at the time he entered his
guilty pleas to the three convictions at issue in this appeal. 





     [2]We
note that Cause No. 11-02-00164-CR was the only matter pending before the court
at the time the challenged comment was made.