Opinion filed January 19,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00055-CR

                                                    __________

 

                          LEONARD
RAY ROBERTSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR20086

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court convicted Leonard Ray Robertson, appellant, of the offense of
delivery of methamphetamine in an amount of one gram or more but less than four
grams.  Upon appellant’s plea of true to the enhancement allegations, the trial
court assessed his punishment at confinement for life.  We affirm.  

            Appellant
presents four issues for appellate review.  In the first and second issues,
appellant challenges the legal and factual sufficiency of the evidence
regarding the amount of methamphetamine that he delivered.  In the third issue,
appellant asserts that the trial court abused its discretion in failing to
grant appellant’s second request regarding the withdrawal and substitution of
counsel.  In his fourth issue, appellant complains that he received ineffective
assistance of counsel at trial.  

            With
respect to the first two issues, we review a challenge
to the sufficiency of the evidence, regardless of whether it is denominated as
a legal or a factual sufficiency challenge, under the standard of review set
forth in Jackson v. Virginia, 443 U.S. 307 (1979).  Brooks v. State,
323 S.W.3d 893, 912 (Tex. Crim. App. 2010); Polk v. State, 337 S.W.3d
286, 288–89 (Tex. App.—Eastland 2010, pet. ref’d).  Under the Jackson standard,
we examine all of the evidence in the light most favorable to the verdict
and determine whether, based on that evidence and any reasonable inferences
from it, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 319; Isassi v. State, 330 S.W.3d 633, 638 (Tex.
Crim. App. 2010).

            The testimony at trial shows that a
confidential informant working with police purchased methamphetamine from
appellant in a controlled buy.  On the occasion in question, the confidential
informant and his vehicle were searched prior to the transaction, and the
confidential informant was wired with an audio/video recording device.  Sergeant
Detective Shawn Dibrell rode with the confidential informant to the residence
where appellant resided, which is where the transaction occurred.  Detective
Dibrell observed the confidential informant and appellant enter the residence. 
Approximately two minutes later, the confidential informant returned to his
vehicle and immediately gave Detective Dibrell “seven bags believed to be
methamphetamine.”  Six of them were pink, and one was clear with “Pink Panthers”
on it.  A DVD of the transaction was admitted into evidence.

Detective Dibrell submitted the baggies to the Texas DPS
Abilene Crime Laboratory for testing.  Each of the seven baggies contained
methamphetamine.  The substance in the six pink baggies weighed a total of 1.13
grams, and the substance in the Pink Panther bag weighed .18 grams.

The State also introduced at trial an admission made by
appellant in open court at a pretrial hearing in which appellant admitted that
he sold five bags of methamphetamine.  Appellant asserts on appeal that he did
not admit to selling seven bags or to selling methamphetamine in an amount of
one gram or more.  Although appellant may not have admitted to the amount,
other witnesses provided testimony, which the trier of fact was free to believe,
supporting appellant’s conviction and indicating that the amount of
methamphetamine sold by appellant was 1.31 grams.  We hold that a rational
trier of fact could have found beyond a reasonable doubt that the amount of
methamphetamine delivered by appellant was between one and four grams. 
Appellant’s first and second issues are overruled.  

            In his third issue, appellant argues that the
trial court abused its discretion in refusing to grant appellant’s second
request for the withdrawal and substitution of court-appointed counsel.  A
trial court has no duty to search for counsel agreeable to the defendant.  Solis
v. State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990).  Whether counsel
should be allowed to withdraw from a case is a matter within the discretion of
the trial court.  King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App.
2000).  Personality conflicts and disagreements concerning trial strategy are
typically not valid grounds for withdrawal.  Id.  A defendant’s right to
counsel may not be manipulated so as to obstruct the judicial process or
interfere with the administration of justice.  Id.  

The record shows that on June 9, 2009, the trial court
appointed attorney Todd Steele to represent appellant.  Appellant subsequently
filed a motion to withdraw counsel and requested that the trial court appoint
another attorney.  The trial court conducted a pretrial hearing on September
21, 2009.  As a result of the hearing, the trial court granted appellant’s
motion, allowed Steele to withdraw, and appointed attorney Kirk Fulk to
represent appellant.  At another pretrial hearing held on October 19, 2009,
appellant expressed his dissatisfaction with Fulk.  On November 10, 2009,
appellant again requested that the trial court dismiss Fulk and appoint another
attorney.  As a result of the deteriorating attorney/client relationship and
appellant’s desire to file a grievance against Fulk with the State Bar of Texas,
Fulk filed a motion to withdraw as counsel for appellant.  The trial court held
another hearing and denied Fulk’s motion to withdraw and appellant’s request
for a new court-appointed attorney.

            Appellant’s dissatisfaction with both attorneys
stemmed from his belief that they were not fighting for him and from the
attorneys’ refusal to file motions that appellant wanted them to file but that
they deemed frivolous.  Counsel cannot be faulted for refusing to file motions
proposed by appellant when counsel deemed the motions to be frivolous. 
Furthermore, the prosecutor noted on the record that Fulk had been in his
office repeatedly doing different things for appellant, like asking for notes
from the chemist; that Fulk had gone “above and beyond” what is normal in these
type of cases; and that Fulk had been diligent in his efforts on behalf of
appellant.  We hold that the trial court did not abuse its discretion in
denying Fulk’s motion to withdraw or in refusing to appoint a third attorney to
represent appellant at trial.  Appellant’s third issue is overruled.

In his final issue, appellant contends that he was denied
the right to effective assistance of counsel at trial because counsel did not
file the motions that appellant requested counsel to file and because counsel
failed to present any witnesses, failed to make any objections, and failed to
make any meaningful argument at trial.  In order to determine whether
appellant’s trial counsel rendered ineffective assistance at trial, we must
first determine whether appellant has shown that counsel’s representation fell
below an objective standard of reasonableness and, if so, then determine
whether there is a reasonable probability that the result would have been
different but for counsel’s errors.  Strickland v. Washington, 466 U.S.
668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999); Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  In order to assess
counsel’s performance, we must make every effort to eliminate the distorting
effects of hindsight, to reconstruct the circumstances, and to evaluate the
conduct from counsel’s perspective at the time.  We must indulge a strong
presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance, and appellant must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial
strategy.  Stafford v. State, 813 S.W.2d 503, 508–09 (Tex. Crim. App.
1991).  

The
record from the pretrial hearings shows that both counsel thought the motions
that appellant desired to pursue were frivolous.  Appellant asserts that, if
the motions had been filed, additional testing of the methamphetamine may have
reached different results.  Next, appellant does not point this court to any
evidence to which counsel should have objected at trial.  Furthermore, the
record does not show what the alleged eyewitness’s testimony would have been,
nor does it reveal counsel’s reasons for failing to call that witness.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (where the court
observed that the record on direct appeal rarely contains sufficient
information to reflect the failings of trial counsel).  The record also does
not show any explanation from counsel regarding his closing argument at either
phase of trial.  In his arguments, counsel essentially stated that the court
had heard the evidence and that the defense was leaving the decision in the
trial court’s competent hands.  We note that appellant’s trial was a bench
trial, not a jury trial.

Based
on our review of the record before us, we cannot hold that appellant has shown
that counsel’s representation fell below an objective standard of
reasonableness.  Moreover, appellant has not shown a “reasonable probability” that
the result of the proceedings below would have been different but for the
allegedly deficient performance.  In his brief, appellant asserts that the
result of the proceedings “might have” been different and that there is a
“possibility” the result would have been different.  Appellant’s fourth issue
is overruled.

The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

January 19, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.