Opinion issued December 4, 2003










 
 










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01185-CR
____________

IN RE ALTON CHARLES AITCH, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
               Relator, Alton Charles Aitch, has filed a motion for leave to file petition for
writ of mandamus and a petition for writ of mandamus. The motion for leave to file
the petition is granted. We next consider relator’s complaint that respondent has not
ruled on four pro se motions that he filed in the trial court in cause number 936063.



               A writ of mandamus will issue to correct a clear abuse of discretion or the
violation of a duty imposed by law when there is no adequate remedy at law. 
Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig.
proceeding).
               Appellant is represented by court-appointed counsel in cause number
936063, and has no right to hybrid representation. See Patrick v. State, 906 S.W.2d
481, 498 (Tex. Crim. App. 1995); Custard v. State, 812 S.W.2d 82, 84 n.1 (Tex.
App.—Houston [1st Dist.] 1991, pet. ref’d). Therefore, the trial court has no legal
duty to rule on the pro se motions.
               Regarding appellant’s pro se motion to dismiss his court-appointed counsel, 
a trial court has no duty to search for counsel agreeable to an indigent defendant. 
Buntion v. Harmon, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992); Solis v. State, 792
S.W.2d 95, 100 (Tex. Crim. App. 1990). If relator is contending that his appointed
counsel is rendering ineffective assistance, trial counsel’s performance is a matter that
may be addressed on direct appeal if adequately supported by the record. See Bone
v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002). Therefore, because relator has an
adequate remedy by appeal if his trial counsel’s representation is ineffective, and
because a trial court is well within the proper exercise of its discretion in denying a
request for the appointment of other counsel, mandamus is not an available remedy. 
See Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding).
               The petition for writ of mandamus is denied.
               It is so ORDERED.
PER CURIAM

Panel consists of Justices Taft, Nuchia, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).