**Opinion filed January 19, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00055-CR

_____

## LEONARD RAY ROBERTSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR20086**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Leonard Ray Robertson, appellant, of the offense of delivery of methamphetamine in an amount of one gram or more but less than four grams. Upon appellant's plea of true to the enhancement allegations, the trial court assessed his punishment at confinement for life. We affirm.

Appellant presents four issues for appellate review. In the first and second issues, appellant challenges the legal and factual sufficiency of the evidence regarding the amount of methamphetamine that he delivered. In the third issue, appellant asserts that the trial court

abused its discretion in failing to grant appellant's second request regarding the withdrawal and substitution of counsel. In his fourth issue, appellant complains that he received ineffective assistance of counsel at trial.

With respect to the first two issues, we review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or a factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

The testimony at trial shows that a confidential informant working with police purchased methamphetamine from appellant in a controlled buy. On the occasion in question, the confidential informant and his vehicle were searched prior to the transaction, and the confidential informant was wired with an audio/video recording device. Sergeant Detective Shawn Dibrell rode with the confidential informant to the residence where appellant resided, which is where the transaction occurred. Detective Dibrell observed the confidential informant and appellant enter the residence. Approximately two minutes later, the confidential informant returned to his vehicle and immediately gave Detective Dibrell "seven bags believed to be methamphetamine." Six of them were pink, and one was clear with "Pink Panthers" on it. A DVD of the transaction was admitted into evidence.

Detective Dibrell submitted the baggies to the Texas DPS Abilene Crime Laboratory for testing. Each of the seven baggies contained methamphetamine. The substance in the six pink baggies weighed a total of 1.13 grams, and the substance in the Pink Panther bag weighed .18 grams.

The State also introduced at trial an admission made by appellant in open court at a pretrial hearing in which appellant admitted that he sold five bags of methamphetamine. Appellant asserts on appeal that he did not admit to selling seven bags or to selling methamphetamine in an amount of one gram or more. Although appellant may not have admitted to the amount, other witnesses provided testimony, which the trier of fact was free to

believe, supporting appellant's conviction and indicating that the amount of methamphetamine sold by appellant was 1.31 grams. We hold that a rational trier of fact could have found beyond a reasonable doubt that the amount of methamphetamine delivered by appellant was between one and four grams. Appellant's first and second issues are overruled.

In his third issue, appellant argues that the trial court abused its discretion in refusing to grant appellant's second request for the withdrawal and substitution of court-appointed counsel. A trial court has no duty to search for counsel agreeable to the defendant. *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990). Whether counsel should be allowed to withdraw from a case is a matter within the discretion of the trial court. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). Personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal. *Id.* A defendant's right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. *Id.*

The record shows that on June 9, 2009, the trial court appointed attorney Todd Steele to represent appellant. Appellant subsequently filed a motion to withdraw counsel and requested that the trial court appoint another attorney. The trial court conducted a pretrial hearing on September 21, 2009. As a result of the hearing, the trial court granted appellant's motion, allowed Steele to withdraw, and appointed attorney Kirk Fulk to represent appellant. At another pretrial hearing held on October 19, 2009, appellant expressed his dissatisfaction with Fulk. On November 10, 2009, appellant again requested that the trial court dismiss Fulk and appoint another attorney. As a result of the deteriorating attorney/client relationship and appellant's desire to file a grievance against Fulk with the State Bar of Texas, Fulk filed a motion to withdraw as counsel for appellant. The trial court held another hearing and denied Fulk's motion to withdraw and appellant's request for a new court-appointed attorney.

Appellant's dissatisfaction with both attorneys stemmed from his belief that they were not fighting for him and from the attorneys' refusal to file motions that appellant wanted them to file but that they deemed frivolous. Counsel cannot be faulted for refusing to file motions proposed by appellant when counsel deemed the motions to be frivolous. Furthermore, the prosecutor noted on the record that Fulk had been in his office repeatedly doing different things for appellant, like asking for notes from the chemist; that Fulk had gone "above and beyond" what is normal in these type of cases; and that Fulk had been diligent in his efforts on behalf of appellant. We hold that the trial court did not abuse its discretion in denying Fulk's motion to

3

withdraw or in refusing to appoint a third attorney to represent appellant at trial. Appellant's third issue is overruled.

In his final issue, appellant contends that he was denied the right to effective assistance of counsel at trial because counsel did not file the motions that appellant requested counsel to file and because counsel failed to present any witnesses, failed to make any objections, and failed to make any meaningful argument at trial. In order to determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). In order to assess counsel's performance, we must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508–09 (Tex. Crim. App. 1991).

The record from the pretrial hearings shows that both counsel thought the motions that appellant desired to pursue were frivolous. Appellant asserts that, if the motions had been filed, additional testing of the methamphetamine may have reached different results. Next, appellant does not point this court to any evidence to which counsel should have objected at trial. Furthermore, the record does not show what the alleged eyewitness's testimony would have been, nor does it reveal counsel's reasons for failing to call that witness. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (where the court observed that the record on direct appeal rarely contains sufficient information to reflect the failings of trial counsel). The record also does not show any explanation from counsel regarding his closing argument at either phase of trial. In his arguments, counsel essentially stated that the court had heard the evidence and that the defense was leaving the decision in the trial court's competent hands. We note that appellant's trial was a bench trial, not a jury trial.

Based on our review of the record before us, we cannot hold that appellant has shown that counsel's representation fell below an objective standard of reasonableness. Moreover,

4

appellant has not shown a "reasonable probability" that the result of the proceedings below would have been different but for the allegedly deficient performance. In his brief, appellant asserts that the result of the proceedings "might have" been different and that there is a "possibility" the result would have been different. Appellant's fourth issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


January 19, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.