**Denied and Opinion Filed February 2, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00081-CV

## IN RE ALFREDO BERNAL, JR, Relator

**Original Proceeding from the County Criminal Court No. 8**
**Dallas County, Texas**
**Trial Court Cause No. M16-23931-J**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Schenck
Opinion by Justice Bridges

On July 20, 2016, relator was convicted of the Class A misdemeanor of evading arrest or detention. Relator's appeal of that conviction is pending as cause number 05-16-01044-CR. On November 9, 2016, this Court ordered the trial court to make findings of fact regarding the status of the reporter's record, relator's indigence status, and the appointment of counsel in the direct appeal. On January 19, 2017, the trial court filed a supplemental clerk's record that included the court's November 22, 2016 findings. In this original proceeding, relator asks the Court to order the trial court to rule on relator's motion for appointment of new appellate counsel. Relator also asks the Court to order the trial court to comply with this Court's November 9, 2016 order by issuing the requested findings.

### Availability of Mandamus Relief

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not one

involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S. W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To be entitled to mandamus relief directing a trial court to rule on a properly filed motion, a relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). It is relator's burden to provide the court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992); TEX. R. APP. P. 52.3(k), 52.7(a).

## Analysis

A criminal defendant does not have the right to the appointment of a particular attorney. *Bryant v. State*, 05-90-01244-CR, 1991 WL 268473, at *3 (Tex. App.—Dallas Dec. 10, 1991, no pet.) (citing *Stearnes v. Clinton*, 780 S.W.2d 216, 221 (Tex. Crim. App. 1989) and *Malcom v. State*, 628 S.W.2d. 790, 791 (Tex. Crim. App. 1982)). The trial court is under no duty to search for a counsel until an attorney is found who is agreeable to the accused. *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990). "Appointment of new counsel is a matter solely within the discretion of the trial court." *Id.* The trial court also has no duty to discharge relator's appointed counsel and search for substitute counsel agreeable to relator. *Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992); *Solis*, 792 S.W.2d at 100. Because a request to discharge appointed counsel and appoint new counsel is a matter within the court's discretion and is a matter upon which the court has no duty to act, mandamus relief is unavailable to direct the trial court to rule on such a motion. *See e.g., In re Campbell*, 01-04-00822-CR, 2004 WL

1847223, at *1 (Tex. App.—Houston [1st Dist.] Aug. 19, 2004, no pet.) (denying mandamus petition seeking order requiring trial court to discharge appointed counsel and appoint substitute appellate counsel); *see also In re Harris*, 01-04-00702-CR, 2004 WL 1584943, at *1 (Tex. App.—Houston [1st Dist.] July 15, 2004, no pet.) (denying mandamus and hold "because the trial court would be well within the proper exercise of its discretion in denying any request from relator for other counsel, mandamus is not an available remedy."). Relator is, therefore, not entitled to the relief requested here.

Accordingly, we deny relator's request for a writ directing the trial court to rule on relator's motion for appointment of new appellate counsel. We deny as moot relator's request that we order the trial court to comply with the Court's November 9, 2016 order because the trial court has complied with that order.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

170081F.P05