In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00033-CR**
_____


**SALVADOR ARELLANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 15-22929**

_____

**MEMORANDUM OPINION**

In a single issue, Salvador Arellano contends he received ineffective

assistance of counsel during his trial at which the jury found him guilty of indecency

with a child. *See* Tex. Penal Code Ann. § 21.11(a)(2) (West Supp. 2018).[1] Arellano

asserts his trial counsel was ineffective by failing to impeach the testimony of the

_____

[1] We cite to the current version of the statute, as it does not affect the outcome of this appeal.

1

complainant and other witnesses supporting the complainant's allegations. We conclude Arellano failed to meet his burden of showing his trial counsel rendered ineffective assistance. We overrule his issue and affirm the trial court's judgment.

**Background**

According to the complainant, while watching television with her little cousin at her aunt and uncle's house one evening in June of 2013, her uncle, Arellano, came into the room and asked if she wanted a massage. Arellano began massaging her legs and then proceeded to touch her inappropriately. The complainant, who was fifteen years old at the time of the incident, claimed she texted her sister immediately, relayed what happened, and asked her sister to pick her up, but her sister was not available. About a year after the complainant alleged Arellano committed these acts, she told her mother, who then sought help for her daughter. This resulted in the investigation that led to Arellano's trial and guilty verdict for committing indecency with a child.

After the trial, Arellano's appellate counsel filed a motion for new trial claiming Arellano received ineffective assistance of counsel. Specifically, Arellano argued in the motion, as well as in his appellate brief, his trial counsel was ineffective by failing to impeach the complainant's testimony by asking her during cross-examination whether she had ever told her grandmother, M. Contreras, that Arellano

2

had not inappropriately touched her. Arellano claims the complainant told Contreras he had not committed the act and Contreras was available to testify at trial and would have told the jury the complainant recanted the allegations. Additionally, Arellano argues his trial counsel failed to impeach the complainant, her mother, and her sister by asking them whether the complainant had falsely accused Arellano of sexual contact to obtain legal residency for the complainant's mother as a relative of a crime victim. According to Arellano, the complainant's mother told M. Osburn, an acquaintance, in June 2013, in the presence of the complainant and her sister, that she was "going to do something to make someone beat [her] up or rape [her] or rape one of [her] daughters" so that complainant's mother could obtain legal residency in the U.S. pursuant to a "U Visa," which allegedly provides the victim of a crime or a relative of the victim residency. Osburn was also available to testify for the defense regarding this statement.

Arellano attached the affidavits of both Contreras and Osburn to his motion for new trial, as well as other affidavits explaining these statements were conveyed to Arellano's trial counsel, and the witnesses were available to testify at trial. The trial court denied Arellano's motion for new trial, and this appeal ensued.

## Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). An appellant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Id.*

The right to effective assistance of counsel ensures the right to "reasonably effective assistance[,]" it does not require counsel be perfect or the representation be errorless. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Arellano must prove there was no professional reason for specific acts or omissions of his counsel. *See Bone*, 77 S.W.3d at 836. The appropriate context is the totality

of the representation; counsel is not to be judged on isolated portions of his representation. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Solis v. State*, 792 S.W.2d 95, 98 (Tex. Crim. App. 1990).

Arellano filed a motion for new trial. Attached to his motion were several affidavits, namely those of Contreras and Osburn. As explained above, Contreras is the complainant's grandmother and claimed the complainant told her that Arellano did not inappropriately touch her, and the allegations were false. Additionally, Osburn explained in her affidavit that the complainant's mother told her in the presence of the complainant and her sister that she planned on making up something regarding her being hurt or raped, or her daughters being raped to obtain a special visa for victims of crimes or victims' relatives. Arellano contended his trial counsel was ineffective by failing to use these witnesses, who he argued were available to testify in his defense at trial to impeach the testimony of the complainant, her mother, and sister.

The State filed its response to Arellano's motion for new trial and attached the affidavit of Arellano's trial counsel. Arellano's trial counsel acknowledged he was aware of Contreras and Osburn and their claims concerning the allegations against Arellano. Arellano's trial counsel called six witnesses during the guilt/innocence stage of trial, including Arellano himself. Additionally, in his affidavit, Arellano's

5

trial counsel asserted he "presented the witnesses [he] felt were needed and most credible" for Arellano's defense.

"Weighing the advantages and disadvantages of calling a particular witness to testify is a matter usually left within the province of trial counsel's discretion." *Ex parte Ruiz*, 543 S.W.3d 805, 821 (Tex. Crim. App. 2016) (quoting *Ruiz v. Thaler*, 783 F. Supp. 2d 905, 949 (W.D. Tex. 2011)). In addition, any allegations of ineffectiveness "must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Thompson*, 9 S.W.3d at 813).

Consequently, on this record, we cannot conclude Arellano received ineffective assistance of counsel. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Arellano has failed to defeat the strong presumption that counsel's decisions during trial fell within the wide range of reasonable professional assistance. *See Bone*, 77 S.W.3d at 833; *Thompson*, 9 S.W.3d at 814. We overrule Arellano's sole issue on appeal and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

6

Submitted on February 16, 2018
Opinion Delivered October 31, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.