In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00439-CR
_____

JIMMY DEE TURNER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 23644

MEMORANDUM OPINION

Appellant Jimmy Dee Turner was charged with burglary of a habitation, and he pleaded "not guilty." *See* Tex. Penal Code Ann. § 30.02 (West 2019).[1] A jury found Turner guilty, and the court assessed punishment at fourteen years in prison.

---

[1] We cite the current statutes as subsequent amendments do not affect our disposition.

1

In a single issue, Turner appeals his conviction, arguing that he was denied the effective assistance of counsel. Turner contends that his trial counsel failed to argue that he was eligible for community supervision under article 42A.053 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 42A.053 (West 2018). According to Turner, his trial counsel's failure to know that article 42A.053 allows a trial court to grant community supervision fell below an objective standard of reasonableness, and but for this error, the result of the proceeding would have been different. Turner argues in the alternative that he is not required to show that, but for his counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different because his trial counsel's deficiency constitutes a complete denial of any assistance of counsel and prejudice is presumed.

Effective Assistance of Counsel

A defendant has a Sixth Amendment right to the effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To establish that he received ineffective assistance of counsel, Turner must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland*, 466

U.S. at 687-88, 694. The party alleging ineffective assistance has the burden to develop facts and details necessary to support the claim. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A party asserting an ineffective-assistance claim must overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 689). An appellant's failure to make either of the required showings of deficient performance or sufficient prejudice defeats the claim of ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

The right to effective assistance of counsel ensures the right to "reasonably effective assistance[,]" and does not require that counsel must be perfect or that the representation must be errorless. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). The appropriate context is the totality of the representation, and counsel is not to be judged on isolated portions of his representation. *See Thompson*, 9 S.W.3d at 813; *Solis v. State*, 792 S.W.2d 95, 98 (Tex. Crim. App. 1990).

Ordinarily, on direct appeal, the record will not have been sufficiently developed during the trial to demonstrate in the appeal that trial counsel provided

3

ineffective assistance under the *Strickland* standards. *Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012). Before we denounce trial counsel's actions as ineffective, counsel should normally be given an opportunity to explain the challenged actions. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When counsel has not been given an opportunity to explain the challenged actions, we will find deficient performance only if the conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (internal citations omitted).

## Analysis

During the sentencing phase of trial, the following exchange occurred:

[Defense counsel]: Mr. Turner, you obviously heard the testimony and all the evidence presented at trial; is that correct?

[Turner]: Yes, sir.

[Defense counsel]: And [you] also heard the jury's verdict in this case and they found you guilty; is that true?

[Turner]: Yes, sir.

[Defense counsel]: And you understand that today what we're doing is appearing before the judge for him to decide what your punishment should be; is that correct?

[Turner]: Yes, sir.

4

[Defense counsel]: And you understand that since you have felony convictions, although they are State jail, they are felony convictions, and you are not eligible for probation; is that correct?

[Turner]: Yes, sir.

[Defense counsel]: So you understand that the judge has a range of punishment from two years to twenty years; is that correct?

[Turner]: Yes, sir.

[Defense counsel]: What are you asking the judge to do in this case?

[Turner]: Well, for him to be as lenient as he can.

The State's attorney argued to the trial court that "There is no question his criminal history goes back to at least 2000, so over 18 years of criminal history. And the offense, the first one was state jail in 2000, actually happened before that." After a presentencing investigation and hearing evidence, the trial court explained

> Mr. Turner, your criminal history is terrible. Very lengthy. And that is one thing the court certainly considers. And something that kind of bothered me about this is as much as anything was the fact that this was your friend. You'd been over at their house on a social occasion the weekend before, the Saturday before, as I recall, . . . .
> I'm going to sentence you to 14 years to do TDC. I'm going to give you credit for time served. . . .

Turner argues that his trial counsel's statement was inaccurate because of article 42A.053. Burglary of a habitation as charged in the indictment is a second-degree felony, punishable by a term of imprisonment of not less than two years and not more than twenty years. *See* Tex. Penal Code Ann. §§ 12.33 (West 2019),

5

30.02(a), (c)(2). Article 42A.053 permits a trial court to suspend imposition of the sentence and place a defendant on community supervision provided the sentence imposed is less than ten years. *See* Tex. Code Crim. Proc. Ann. art. 42A.053(a), (c). That said, under subsection (c)(1), a defendant is not eligible for community supervision under article 42A.053 if he is sentenced to serve a term that exceeds ten years. *Id.* § 42A.053(c)(1). Turner was sentenced to serve a term of fourteen years. As a result, under article 42A.053, the trial court could not have placed Turner on community supervision. *Id.* Even assuming without deciding that Turner's trial counsel may have failed to state accurately on the record that article 42A.053 may allow for community supervision if Turner received a sentence that was less than ten years, we note that the record does not reflect that Turner's trial counsel was given an opportunity to explain the statement Turner challenges, nor does Turner explain how his trial counsel's conduct was "so outrageous" that no competent attorney would have so acted. *See Goodspeed*, 187 S.W.3d at 392.

Considering the totality of the representation, we cannot say that Turner has met his burden under the first *Strickland* prong to show that his trial counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88; *Thompson*, 9 S.W.3d at 813. Because Turner has failed to meet his burden under the first *Strickland* prong, we need not consider the second prong. *See*

6

*Rylander*, 101 S.W.3d at 110; *see also Williams*, 301 S.W.3d at 687. We overrule

Turner's issue and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on May 30, 2019
Opinion Delivered June 12, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.